### Reuben Goodrich v. Hiram C. Burdick.

*Juror : Challenge.* It is not error to reject as a juror one who is in the employ of one of the parties.

*Justice's courts : Record : Docket entries.* The record of the court of a justice of the peace consists of the entries required by the statute to be made upon his docket.

*Justice's docket : Evidence : Judgment : Attachment : Affidavit : Jurisdiction.* The docket of a justice of the peace verified by his own oath is competent

GOODRICH *v.* BURDICK.

evidence "of the facts stated in it;" but a docket entry of a judgment in an attachment suit, is not sufficient, in the absence of any proof of the affidavit upon which the writ issued, and which is essential to the jurisdiction to issue the writ at all, to prove a valid judgment.

The rejection of such a docket entry on the ground that the facts stated in it are insufficient to give it effect in the case without accompanying or following it up with proof of the affidavit, is not error.

*Bill of exceptions: Docket entry: Presumption.* Where the bill of exceptions does not show what the contents actually were, of a docket entry claimed to have been erroneously rejected as evidence, it will be presumed that it contained all the enumerated matters required by the statute, but nothing more; it will, therefore, not be presumed that it contained the affidavit for an attachment, or any statement of it.

*Submitted on briefs October 16. Decided October 22.*

Error to Grand Traverse Circuit.

*Ramsdell & Benedict,* for plaintiff in errror.

*Fowler & McAlvay,* for defendant in error.

CHRISTIANCY, CH. J.

Though it might not have been erroneous for the court to have allowed Stewart, the clerk of the defendant, to sit as a juror, no other cause being shown against him, there was no error in rejecting him for this cause, and we think his rejection judicious and proper.

As to the rejection of the justice's docket, verified by his own oath, in proof of the judgment in an attachment suit had before him, which was offered and rejected, we think the record of a justice's judgment is not, in ordinary cases, like that of the circuit court, either at law or in equity, where, by express provision of the statute, the papers filed in the cause, constitute the record.

The record of the court of a justice of the peace, consists of the entries upon his docket, every item of which is specially enumerated in the statutes.—*Comp. L., 1857,* § *3890.* He is required to enter upon his docket, "1st, The title of the cause; 2d, The time when the first and any subsequent process was issued against the defendant, and the

particular process issued." It then enumerates thirteen other items or specified facts, which he shall also enter. In none of these is any affidavit required to be entered, or alluded to, whether such affidavit be the basis of process issued or not. By *section 3891*, the justice may, if he chooses, though he is not bound to, state any other matters than those enumerated in and required by the previous section.

By *section 3893*, a transcript, duly certified, is made evidence not only of the judgment, but of the proceedings previous to the judgment, "*to prove the facts stated in the transcript*," but of nothing further; and though the statute does not expressly so declare, we see no reason to doubt that the docket itself, verified by the justice, would equally be evidence "*of the facts stated in it*." The facts which the statute requires to be thus stated, would, in all ordinary cases, be sufficient to show the jurisdiction of the justice. But a proceeding by attachment, which seizes a defendant's property before judgment or trial, is exceptional, and no jurisdiction exists to issue an attachment without an affidavit first made by the plaintiff, or some person in his behalf, and filed with the justice, showing the facts required by the statute; and this affidavit is the basis of the suit, and a condition precedent to the exercise of the jurisdiction.— *Comp. L., 1857*, §§ *3667, 3670*.

The bill of exceptions before us, does not state what facts appeared upon the docket of the justice, and we must therefore presume that it contained [all the enumerated matters which the statute required to be inserted in it, but we cannot presume that it contained any thing more, nor, therefore, that it contained the affidavit, or any statement of it. While, therefore, the docket was evidence that a judgment had, in fact, been rendered in the attachment suit, and of the proceedings entered upon the docket, it

did not show any jurisdiction of the justice to render it. And in these special proceedings the jurisdiction is not to be presumed. Proof, therefore, of the justice's docket (which would have been good as far as it went), would not, without proof of such affidavit, show a judgment which could affect the defendant's rights.—See *Kenyon v. Baker, 16 Mich., 373.* The docket was rejected by the circuit court, not because it was not evidence of the facts stated in it, but because these alone were not sufficient to give it effect in the case, without accompanying or following it up with proof of the affidavit, to show the jurisdiction. As the docket would be of no effect in the case without the affidavit, and the defendant disclaimed the intention of offering any proof of the latter, there was no error in its rejection.

The judgment must be affirmed, with costs.

The other Justices concurred.