MILLER ET AL., ADM'RS, v. HOUSE & LAUB ET AL.

1. **Promissory Note**: SIGNATURE DENIED: BURDEN OF PROOF. Where the signature to the note sued on was denied under oath, the burden was on plaintiff to establish that it was genuine.   Code, § 2730.

2. ———: FIRM NAME SIGNED BY CLERK: AUTHORITY: EVIDENCE: CON-DUCT OF PARTNER.   The note sued on was payable by a firm to one of the partners, and the payee indorsed it to plaintiffs' intestate; but it was shown that the firm name was signed to the note by a clerk whose gen·eral authority did not extend to signing notes for the firm.   *Held* that the acceptance and indorsement of the note by the partner did not prove that the note was signed by authority of the firm.   His acts of accept-ance and indorsement, having been in his own behalf only, were not binding upon the firm.

*Appeal from Crawford Circuit Court.*

WEDNESDAY, DECEMBER 16.

ACTION on a promissory note.   There was a trial to the court, and judgment was entered for defendants.   Plaintiffs appeal.

*Wright, Baldwin & Haldane*, for appellants.

*Shaw & Kuehule*, for appellees.

REED, J.—The promissory note sued on purports to have been executed by the firm of House & Laub.   It is payable to E. House or order, and it was indorsed by the payee to plaintiffs' intestate.   The genuineness of House & Laub's signature to it was denied under oath.   Plaintiffs proved that the signature of House & Laub was attached to the instrument by one C. E. Parks, who was in the employ of that firm as clerk and book-keeper; and that, in addition to keeping the books of the firm, he attended to their correspondence, and did the greater part of the other writing pertaining to their business, which was that of general merchants.   There was no direct evidence, however, tending to prove that he was authorized to execute promissory notes or other contracts

in the name of the firm; nor was it shown that the note in suit was given in the course of the business of the firm. When plaintiffs offered the note in evidence the circuit court excluded it, on defendants' objection, on the ground that the signature was not yet shown to be the genuine signature of the firm.

This ruling is assigned as error, and the only question in the case is as to its correctness. The burden was on the plaintiffs to prove the genuineness of said signature. Code, § 2730. They were not entitled to introduce the note in evidence until they had established *prima facie* that the person who attached the signature to it had authority to bind the firm of House & Laub by that act. In our opinion, they have not done this. The fact that Parks kept the books of the firm, and attended to its correspondence, and did other writing pertaining to its business, does not imply that he had authority to sign its name to promissory notes or to execute other contracts in its name. It is contended, however, that, as House accepted the note and indorsed it to plaintiffs' intestate, he thereby warranted that the signature was genuine, and that, as he was a member of the firm whose obligation the note purported to be, this ought to be accepted as evidence against the firm that Parks had authority to execute the instrument in its name. It is true that the law implies a warranty by the indorser of a negotiable instrument of the genuineness of the signature to it. The indorsement, however, was the individual act of House. He did not assume by that act to bind the firm. The contract, then, which arises by implication from the act is his individual contract. The firm was not bound by it, and the same may be said with reference to his act of accepting the note. He accepted it for himself individually, and not for the firm; and the firm can be bound only by such acts as he assumes to do in its name or in its behalf. We think the ruling of the circuit court is correct, and it will be

AFFIRMED.