## THE PORTSMOUTH SAVINGS BANK v. HENRY HART, CIRCUIT JUDGE.

*Practice in circuit courts—Amendment of plea—Discretion of court—Alteration of judicial circuit.*

1. Only the trial judge to whom a case has been submitted for decision can properly hear and pass upon a motion to amend the plea by adding an affidavit denying the execution of written instruments sued upon, upon the ground that the question of such execution was fairly raised by the evidence, making the proposed amendment in the nature of one to cover proofs.[1]

2. A motion to amend a plea by filing an affidavit denying the execution of written instruments described in the declaration is properly heard by the circuit judge before whom the case has been tried, and who has reserved his decision, though at the time of the entry of the motion the county in which the suit was tried has been made a part of another judicial circuit.

[1] See *Insurance Co. v. Circuit Judge*, 79 Mich. 241, where it is held that a circuit judge is not disqualified from rehearing a motion or cause which has been passed upon by another judge sitting in the same court.

3. On the trial of a suit brought on village bonds the testimony
tended to show that the bonds sued upon were not the ones
authorized to be issued, but another set of the same amount,
and containing recitals upon their face which the plaintiff
claimed induced it to purchase in the belief that the bonds
were such as the village had power to issue. The village had
not denied the execution of the bonds under the rule, and,
after the case was submitted to the court for decision, entered
a motion for leave to amend its plea by adding an affidavit
denying such execution, claiming that the latter bonds were
never issued by authority of the village. And it is held that
the allowance of the amendment, as in the nature of one to
cover proofs, was within the discretion of the trial judge.

*Mandamus.* Submitted October 8, 1890. Denied
December 24, 1890.

Relator applied for *mandamus* to compel respondent to
set aside an order granting a defendant leave to amend
its plea by adding an affidavit denying the execution of
certain bonds sued upon. The facts are stated in the
opinion.

*George P. Stone,* for relator.

*T. W. Whitney,* for respondent.

LONG, J. This is a petition for *mandamus* to compel
the Honorable Henry Hart, circuit judge, to set aside an
order made in the Gratiot circuit court permitting the
village of Ashley, defendant, to interpose an affidavit
denying the execution of certain bonds upon which suit
was brought.

The petition states, substantially, that the Portsmouth
Savings Bank lately commenced a suit in the circuit
court for the county of Gratiot against the village of
Ashley, in said county, to recover the amount due on
certain municipal bonds, alleged to have been executed
and issued by the said village of Ashley.

"That the said suit was commenced by declaration, in

which was set forth copies of the written instruments upon which recovery was sought; that the defendant appeared and pleaded the general issue to such declaration, and appended thereto a notice that it would show that the bonds mentioned in plaintiff's declaration were issued without authority; that afterwards, and on the 15th day of July, 1889, said cause came on for trial before said court without a jury, Judge Henry Hart then being presiding judge of the 21st judicial district, and Gratiot county then being included within said 21st judicial district; that said cause was fully tried on its merits by the parties, and the said court took the same under consideration.

"By Act 174 of the Public Acts of 1889, Gratiot county was detached from the 21st judicial district. This act went into effect on June 21, 1889, and Hon. S. B. Daboll was afterwards, and on August 1, 1889, appointed judge of the 29th judicial district. On the 13th day of September, 1889, the defendant made and entered a motion in the Gratiot county circuit court in said cause, moving the court to be allowed to amend its plea by interposing an affidavit denying under oath the execution of the bonds upon which suit was brought. This motion was brought on for hearing before the Hon. S. B. Daboll, circuit judge for Gratiot county, on the 17th day of September, 1889, and said motion was granted, and an order made in said cause permitting the defendant to so amend its plea.

"That afterwards, and on the 13th day of November, 1889, this Court, upon a motion for a *mandamus*, wherein your petitioner was relator, and S. B. Daboll, circuit judge of Gratiot county, was respondent, granted said writ of *mandamus* setting aside said order so made as aforesaid. And your petitioner shows that, on said motion so made in this Court, your petitioner exhibited and filed in this Court a bill of exceptions in said cause, which bill embodies the pleadings, testimony taken on the trial, and the journal entries in said cause, together with a copy of the defendant's motion, and the affidavits upon which the same was based; all of which are now on file in this Court in the matter of the application for *mandamus* hereinbefore mentioned, and to which your petitioner prays leave to refer on this motion.

"And your petitioner further shows that afterwards, on the 24th day of January, 1890, the said defendant,

the village of Ashley, again made and entered a motion in the circuit court for the county of Gratiot, to be allowed to interpose an affidavit denying the execution of the said bonds mentioned in plaintiff's declaration, which motion was precisely the same in form and substance as the one it had previously made and entered in said cause; that said motion was based upon affidavits which were copies of the affidavits upon which the former motion was based; that said motion was precisely the same in every respect as the previous motion, and a copy thereof, with the exception of dates; and that the notice attached thereto gave notice that the motion would be brought on for hearing in the circuit court for Gratiot county, before the Hon. Henry Hart (a copy of which motion, affidavit, and notice is herewith annexed); that afterwards, and on the 21st day of March, 1890, said motion came on for hearing in the Gratiot county circuit court, before Hon. Henry Hart, sitting as judge thereof, who thereupon made an order granting the defendant's motion, and permitting the defendant to amend its plea in accordance therewith (a copy of which order is herewith annexed); that said cause has been during all the time since its submission to him, and now is, pending and undetermined before Hon. Henry Hart, judge of the 21st judicial circuit; that on the said 21st day of March, 1890, said cause was in the same condition and situation as it was at the time the order was made therein which was set aside by this Court, and that in the interval between the making by the defendant of the first motion, and the making of the second, and obtaining the order complained of herein, no steps whatever were taken in said cause by either party."

On filing the petition in this Court, an order was entered requiring the circuit judge to show cause why said order should not be set aside.

The circuit judge in his answer says:

"1. He admits the statements in relator's petition to be true in substance and fact.

"2. He says that the question of the execution of the several instruments sued on in said cause was fairly brought into question by the proofs in said cause, and therefore the amendment asked by defendant was in the nature of one to cover proofs.

"3. Respondent avers that he carefully protected all rights of plaintiff in his order allowing defendant to amend his plea, and that said order is clearly within the discretion allowed the judge at circuit."

The affidavit permitted to be filed was made by Thompson Kirby, one of the trustees of the village, and at the request of the village authorities. The affidavit is as follows, after entitling in the court and cause:

"Thompson Kirby, being duly sworn, deposes and says that he has been a member of the board of trustees of the village of Ashley from the organization of said village, in 1886, until December 1, 1889, and that he makes this affidavit for and on behalf of said village of Ashley, the above-named defendant, and at its request and in accordance with the annexed resolution.

"Deponent says that the several bonds, coupons, and obligations numbered consecutively from one to seventeen, in said plaintiff's declaration mentioned, were never executed or delivered by the above-named corporation defendant; that said instruments were never sealed by the defendant, or by any person duly authorized; that said instruments were never delivered by this defendant to the plaintiff, or to any other person or persons whomsoever; that the above-named defendant never authorized any person or persons to deliver the written instruments for it to any person or persons; that the corporate seal of said corporation defendant, if affixed to said instruments, known and denominated 'bonds,' was affixed without authority from the defendant; that the same was unauthorized by it; that said bonds and obligations made and mentioned in plaintiff's declaration were never transferred by the defendant to any person or persons, nor were said bonds ever negotiated or sold for the benefit of the said village.

"THOMPSON KIRBY.

"Sworn and subscribed before me this 16th day of January, 1890.

"GEORGE W. MEAD,
"Justice of the Peace, Gratiot county, Mich."

The argument of the relator's counsel is that the testimony taken on the trial, which was filed in this Court on the previous motion by relator, and which relator

refers to in this petition, shows that all the testimony
introduced by defendant on the trial, tending to question
the execution of the instruments in suit, was introduced
against the objection of plaintiff, and the grounds of
such objection were plainly and fairly stated to be that
defendant had, by its plea, admitted the due execution
of the written instruments mentioned in plaintiff's
declaration, yet defendant interposed no motion to amend
its plea, and the court received the testimony, and
plaintiff took its exceptions thereto; and that this cannot
be regarded as a motion to amend on the trial; that the
cause was tried and submitted on July 15, 1889, and no
motion was made to amend until September 13 following;
that the order made by Judge Daboll was vacated by this
Court November 13, 1889, and the defendant interposed
its motion, upon which the present order was made,
January 24, 1890.  It is claimed further by relator's
counsel that the effect of the order in question is not only
to allow the defendant to amend its plea, but to grant a
new trial in the cause, which, if granted, must be in the
twenty-ninth judicial circuit, that being the circuit in
which the county of Gratiot is now situate.  It is also
contended that every material question involved in this
cause has been once litigated in this Court, and is *stare
decisis*.

It is provided by How. Stat. § 7631, that—

"The court in which any action shall be pending shall
have power to amend any process, pleading, or proceeding
in such action, either in form or substance, for the
furtherance of justice, on such terms as shall be just, at
any time before judgment rendered therein."

This statute has always been liberally construed.
*Beecher v. Circuit Judges,* 70 Mich. 363.  It is well settled
that, where the discretion which this statute places in
the trial courts to allow amendments in the furtherance

of justice is not abused, this Court will not review the power thus exercised. *Tupper v. Kilduff*, 26 Mich. 394; *Polhemus v. Bank*, 27 Id. 44; *Beecher v. Circuit Judges, supra.*

The cause having been tried before the Honorable Henry Hart, sitting as the trial court in that cause, the motion for such amendment was properly made before him, though, at the time of the entry of the motion, the limits of the judicial circuit had been changed, and Gratiot county placed in another circuit. He was the trial judge on that cause, and the cause was still pending before him at the time of the entry of the motion. Properly, the motion could not be heard before one of the circuit judges who had taken no part in the trial, and could have no knowledge of the matters then in controversy between the parties, or what the justice of the case required in granting or denying the motion. In the former motion, it appeared that Judge Daboll had granted an order under circumstances which did not warrant its entry, he not having heard the cause, and having no knowledge of the merits of the controversy. The cause had been tried, and was awaiting a decision from the Honorable Henry Hart, the judge before whom the trial was heard. It is true that the former motion involved some of the same questions now presented, but under the circumstances it cannot be regarded as *stare decisis.*

We cannot say that the circuit judge abused the discretion which the statute vests in him in granting this motion. The testimony taken on the trial and filed in this Court on the former motion, and to which relator refers in its petition, tends to show that the bonds in question were not the bonds prepared by the village, and by resolution of the board of trustees directed to be signed by the president and clerk, but another set for

the same amount, containing recitals upon their face which plaintiff claims induced it to purchase in the belief that the bonds were such as the village had power to issue.   The defendant claimed that these second bonds were never issued by authority of. the village, and filed the affidavit of Mr. Kirby denying their execution.   We think the order alowing the affidavit to be filed was within the discretion of the trial court, under the provisions of the statute above cited, and we cannot disturb the order.

The *mandamus* will be denied, with costs.

The other Justices concurred.