## HAWKINS *v.* RIEMAN.

[No. 10,212.   Filed December 19, 1919.   Rehearing denied February 27, 1920.   Transfer denied April 1, 1920.]

1.  BILLS AND NOTES.—*Actions.—Plea of Non Est Factum.— Admissibility.—Evidence.—*In an action by the assignee of promissory notes where *non est factum* is pleaded, evidence that the maker had delivered the notes to the payee, together with the circumstances leading thereto, was *prima facie* evidence of execution of the notes sufficient to permit them to be introduced and read in evidence.   p. 129.

2. APPEAL.—Review.—Matters Not Presented to Court Below.—
Evidence.—An objection to the admissibility of evidence not
made at the trial, will not be considered on appeal.   p. 129.

3. APPEAL.—Conflicting Evidence.—No question is presented for
decision on appeal by an assertion that the verdict is not sup-
ported by a preponderance of the evidence on an essential ques-
tion, where the evidence as to that question is conflicting.   p. 129.

4. BILLS AND NOTES.—Consideration.—Sufficiency.—Jury Ques-
tion.—In an action on promissory notes wherein an answer of
no consideration was filed, evidence examined and held sufficient
to make the question of the sufficiency of the consideration a
matter for the jury.   p. 131.

5. BILLS AND NOTES.—Sufficiency of Consideration.—Notes exe-
cuted in payment for services in securing the signature of
payee's husband to an instrument desired by the maker, are
supported by a sufficient consideration.   p. 131.

6. TRIAL.—Instructions.—Considered Together.—Bills and Notes.
—Where in an action on promissory notes there is an issue
of non est factum, it is not reversible error to instruct by one
instruction that the question is whether the signatures involved
were genuine or forged, where other instructions plainly in-
formed the jury that the plaintiff had the burden of proving the
execution of the notes, including their delivery, and properly
instructed the jury as to the preponderance of evidence and
its duty should plaintiff's proof only equal in weight that in-
troduced by defendant.   p. 132.

7. TRIAL.—Instructions.—Requests Covered By Instructions
Given.—Requested instructions, though correct statements of
the law, are properly refused when fully covered by instruc-
tions given.   p. 133.

From Union Circuit Court; *Raymond S. Springer*,
Judge.

Action by Andrew H. Rieman against David Hawkins.
From a judgment for plaintiff, the defendant appeals.
*Affirmed.*

*John D. Megee, A. J. Ross* and *William L. Newbold*,
for appellant.

*Lon Conner, Pigman & Roberts* and *D. W. McKee*, for
appellee.

MCMAHAN, J.—This is an action by appellee against

the appellant to recover upon three promissory notes, each for $500, and alleged to have been executed by the appellant to one Bertha Musser, and by her assigned in writing to appellee. The appellant answered: (1) General denial; (2) no consideration; (3) that appellee was not the real party in interest; (4) *non est factum.* Appellee filed a reply of general denial. Trial by jury. Verdict and judgment for appellee. The error assigned is the overruling of appellant's motion for a new trial.

Appellant first contends that the court erred in admitting each of the notes in evidence without "some proof of their execution." Before offering the notes in evidence, appellee had proved by Mrs. Musser that appellant had delivered the notes to her, together with the circumstances leading up to and connected with such delivery. This was *prima facie* evidence of execution, and sufficient to authorize the court to permit them to be introduced and read in evidence.

1.

Appellant also contends that it was error to admit said notes in evidence because they were not properly identified. The notes were assigned by Mrs. Musser to "A. H. Rieman." Appellant insists that there was no allegation in the complaint or proof that A. H. Rieman and Andrew H. Rieman was the same person; that in the absence of such allegation and proof it was error to admit the notes in evidence. It is sufficient answer to this contention to say that no such objection was made to the admissibility of the notes at the time they were offered in evidence.

2.

Appellant also contends that the verdict was not sustained by sufficient evidence. Appellant concedes that there is some evidence that he signed the notes sued on, but he contends that appellee did not have the "preponderance of the evidence on the

3.

question of delivery." The evidence on the question of the delivery of the notes was conflicting.

The next contention of appellant is that the evidence does not show any consideration. The circumstances surrounding the execution of these notes are somewhat indefinite and vague. It does appear, however, that at one time the appellant conveyed a tract of land to Bertha Musser, or her husband, George Musser; that he afterwards foreclosed the mortgage against them, and bid in the land at sheriff's sale, and afterwards assigned the certificate of purchase to John Hammond; that, prior to the conveyance of said land to the Mussers, the appellant had given George Musser a check for $370 with directions to turn the proceeds over to one Foster; that Musser, instead of doing so, cashed the check, retaining $20, and turned $350 of the proceeds over to said Hammond. Appellant, for some reason not disclosed by the evidence, desired to "get even" with Hammond. How he expected to get even is not explained by the evidence. He was, however, desirous of getting George Musser to sign an order directing Hammond to pay said $350 to appellant. Mr. Musser was not inclined to sign this order. Appellant, with the idea of getting his money back from Musser and Hammond, and to "get even" with somebody, was desirous of having Musser's signature to this order and, according to the testimony of Mrs. Musser, he promised her that, if she would induce her husband to sign said order, he would give her enough money to redeem their home from the sheriff's sale, and that her husband at her request and solicitation signed such order, and that thereupon appellant gave her the three notes in question, telling her that she could cash them, and that they would answer the same purpose as money. Appellant was a man of considerable wealth at that time, owning about 1,100 acres of land.

Hawkins *v.* Rieman—73 Ind. App. 127.

Appellant desired to secure the signature of Mr. Musser to the order, and he had a right to agree with Mrs. Musser to compensate her, if she would induce her husband to sign such order. He had a right to fix the value of such services, and such services, if performed, would be a valuable consideration, and a sufficient consideration, for the execution of notes in controversy, even though they called for a much larger amount of money than the appellant was receiving back from Musser and Hammond. Mrs. Musser testified concerning the agreement of appellant to give her the money to redeem her home from the sheriff's sale and the circumstance connected with the execution of the notes. Appellant did not deny having had such a conversation with Mrs. Musser. He said if he had such a conversation he had forgotten about it.

The question as to whether there was any consideration for the notes became a question of fact for the jury. There was no error in overruling the motion for a new trial because of the insufficiency of the evidence.

4.

Appellant also complains of the giving and the refusing to give certain instructions.

By the tenth instruction to the jury the court charged them to the effect that, if it had been proved by a preponderance of the evidence that appellant promised Mrs. Musser to give her the notes in suit if she would induce her husband to sign a certain paper for appellant, and that Mrs. Musser performed said service and the notes were accordingly executed, such service was a sufficient consideration for the notes. Appellant desired to secure the signature of George Musser to an order for the payment of a sum then held by John Hammond. If he had employed an attorney to secure this signature, no one would question but that the act of the attorney would be a sufficient consideration to

5.

support a note given in payment for such services. The fact that the person to whom the promise to pay was made happened to be the wife of Mr. Musser will not make any difference. There was no error in giving the above instruction.

By the thirteenth instruction the court told the jury that under the fourth paragraph of answer the question was whether the signatures to the notes were the genuine signatures of the appellant, or whether such signatures were forged. Appellant says that this instruction was erroneous for the reason that, under this answer, the burden was on appellee to prove the execution of the notes, which included delivery as well as the signing. The court by the sixth instruction informed the jury that, under the answer of *non est factum,* the burden was on appellee to prove the signing and execution of the notes, and that, if the appellant introduced proof equal in weight to that introduced by appellee on this question, appellee could not recover. By the twelfth instruction the court told the jury that the burden of proving the execution of the notes was on the appellee, and that if, from all the evidence they should find that the notes were not signed and executed by appellant, their verdict should be for appellant. The court by other instructions informed the jury that the burden was on the appellee to prove the material allegations of the complaint by a preponderance of the evidence and that the burden was on appellant to prove the allegations to the second and third paragraph of answer. The fifteenth instruction told the jury that appellee could not recover unless the evidence showed by a fair preponderance that the notes were in fact signed and executed by the appellant. The court in the nineteenth instruction also informed the jury that the burden of proving the execution of the note, which includes delivery, was on appellee. While

the thirteenth instruction is not a model to follow, we hold that, when the instructions given are considered as a whole and in the light of the evidence, its giving was not reversible error.

The court by instruction No. 20 informed the jury that if appellee failed to prove the material allegations of his complaint by a preponderance of the evidence, and that the appellant proved the second, third, or fourth paragraphs according to the rules of proof as stated in the instructions, their verdict should be for appellant. Taking the instructions as a whole, the jury was informed that the burden was on the appellee to prove the execution of the notes, and that, if he failed to do that, the verdict should have been for appellant.

Instructions Nos. 1 and 2 tendered by appellant and refused by the court were correct statements of the law relating to the burden of proof in so far as the

7. answer of *non est factum* is concerned, but the question was fully covered by the instruction given. The failure to give these instructions was therefore not error.

There was no error in overruling the motion for a new trial. Judgment affirmed.