Cook *v.* State—191 Ind. 412.

-----

### Cook *v.* State of Indiana.

[No. 23,970. Filed December 6, 1921.]

1. CRIMINAL LAW.—*Appeal.*—*Review.*—*Harmless Error.*—*Instructions.*—*Informing Jury that Case Was on Appeal from City Court.*—In a prosecution for unlawfully selling intoxicating liquor, the giving of an instruction reciting that the cause came up on appeal from the city court, if error, was harmless, where the jury had been informed by numerous questions asked by defendant's counsel, and answers thereto, that the case had been tried in the city court. p. 414.

2. CRIMINAL LAW.—*Appeal.*—*Questions Reviewable.*—*Instructions.*—*Specification of Error in Motion for New Trial.*—A specification in a motion for new trial that the court erred in giving "instructions number one to —— inclusive," presents for review on appeal only instruction No. 1. p. 414.

3. CRIMINAL LAW. — *Appeal.*—*Review.*—*Overruling Motion to Strike Out Evidence.*—*Scope of Review.*—A party is not per-

mitted on appeal to challenge the overruling of a motion to strike out the answer of a witness for reasons not stated to the trial court at the time the objection was made and the exception saved. p. 414.

4. WITNESSES. — *Examination.—Leading Questions.—Exclusion of Answers.*—In a prosecution for unlawfully selling whisky, where defendant had testified that she had no interest in the place in which the liquor was alleged to have been sold, exclusion of defendant's answer to a question propounded by her own counsel, "You do not get any profit out of it?" *held* not an abuse of the trial court's discretion, the question being improper in form, in that it was an assertion of fact by counsel when examining his own client. p. 415.

From Marion Criminal Court (50,793); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Seeman Cook. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Robert R. Dalton,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—The only error properly assigned is overruling the motion for a new trial. An affidavit in five counts was filed against the appellant. She was found guilty only on the first count, which charged that at a time and place named she "did then and there unlawfully furnish and dispose of to William Hill intoxicating liquor, to wit, whisky," etc. William Hill testified that appellant sold him a half-pint of whisky, and that he paid her $3 for it, and was arrested a few minutes later while he and two other men were drinking it. One of the men arrested with him and the policeman who arrested them also testified on behalf of the state. Each of these three witnesses was cross-examined at length and in detail by counsel for the appellant as to having testified "about this in the Police Court," and

as to what testimony each gave in that court, and whether he made statements when so testifying that differed from his testimony in the criminal court, and whether "a stenographer took down the evidence down there." In its instruction No. 1, which recited the substance of the several charges on which the appellant was being tried, the court stated that the "charge is

1. made upon the affidavit of one, Charles J. Russell, this cause coming to this court from the City Court of Indianapolis on appeal." Appellant insists that the statement that the cause came from the city court by appeal made the instruction erroneous because some member of the jury might "know that men do not appeal cases where the result is favorable to the defendant." But as the jury had been informed by questions asked on cross-examination by counsel for the appellant and the answers given to those questions, not only once but many times, that the case had been tried in the city court and that the three witnesses for the state had testified there, she could not be harmed by such a slight reference to the fact in giving instructions. Therefore it is not necessary to consider and we do not decide whether the language complained of could be a cause for reversing a judgment under other circumstances.

Complaint is made of other instructions. But the only reference to the instructions in the motion for a new trial is the specification that the court erred

2. in giving "instructions number one to —— inclusive." This does not present for review the giving of any instruction but No. 1.

A policeman called by the state as a witness testified that many times before the date of the alleged offense for which appellant was on trial he had been in

3. the dry-beer saloon owned by appellant's brother, which adjoined their residence, and he was then

asked "When?" After his answer was given counsel for the appellant moved to strike out the answer, but did not state any reason. The court overruled the motion and appellant excepted, and now urges that the answer was incompetent as "not responsive," and "in that it violates the hearsay rule." But a party is not permitted on appeal to challenge such a ruling for reasons not stated to the trial court at the time the objection was made and the exception saved. *Koehler* v. *State* (1919), 188 Ind. 387, 391, 123 N. E. 111; *Underhill* v. *State* (1921), 190 Ind. 558, 130 N. E. 225; *Hawkins* v. *Rieman* (1919), 73 Ind. App. 127, 125 N. E. 410.

The appellant testified without objection that she had no interest whatever "in the dry beer place," only that it was her home and the home of her brother and

4.  her child. She was then asked by her attorney the question "You do not get any profit out of it?" and she answered, "No." The prosecuting attorney objected to the question and moved that the answer be stricken out, and both the motion and objection were sustained and appellant excepted.

The appellant then testified, in answer to other questions, that she did not own any part of the dry-beer establishment, and that for a living she did "the home work." The form of the question objected to was improper, as being an assertion of fact by counsel when examining his own client, to which the witness was asked to give her assent, and we do not think the trial court abused its discretion in making the ruling complained of. The judgment is affirmed.

Myers, J., absent.