CHARLES CONNER, Appellee, v. FRANK HENRY, Appellant, et al., Appellee.

**TRIAL: Instructions—Unpleaded and Unsupported Issue.** On the narrow issue whether a defendant *personally* signed the promissory note sued upon, it is error for the court to submit the additional and unsupported issue whether the note was signed *by someone other than the defendant, but under authority from him.* (See Book of Anno., Vol. 1, Sec. 11493, Anno. 473 *et seq.*)

**APPEAL AND ERROR: Notice of Appeal—Party Without Interest in Appeal.** A party who appeals on an issue which is purely personal to himself need not serve notice of appeal on a coparty who has no possible interest in such issue. (See Book of Anno., Vol. 1, Sec. 12837, Anno. 16 *et seq.*)

Headnote 1: 38 Cyc. p. 1617. Headnote 2: 3 C. J. p. 1221.

*Appeal from Jefferson District Court.*—W. M. WALKER, Judge.

FEBRUARY 9, 1926.

THIS is an action upon a negotiable promissory note. The defendant Frank Henry denied the signature under oath. Verdict and judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*Chester W. Whitmore,* for appellant.

*Starr & Jordan,* for appellee.

STEVENS, J.—This is an action upon a promissory note for $1,000, dated March 1, 1918, payable to Charles Conner, signed by D. H. King, H. C. Linder, and Frank Henry. The only is-

1. TRIAL: instructions: unpleaded and unsupported issue.

sue presented by the pleadings was the genuineness of the signature of Frank Henry, appellant. Many exceptions to rulings of the court upon objections to testimony are discussed by counsel for appellant, but, as they are not likely to arise upon a retrial of the case, and in view of our conclusion upon the exceptions urged to certain of the court's instructions, we need not consider the exceptions to the admissibility of testimony.

Appellant in his answer denied that he signed the note or authorized anyone to sign it for him. Appellee relied wholly upon the genuineness of the signature, and offered no testimony to show that it was affixed to the instrument by some person other than appellant who was authorized to sign same. The court stated the issue tendered by appellant substantially in the language of the answer, properly placing the burden upon appellee to prove by the greater weight of the evidence that the signature was genuine. The court also submitted the issue whether appellant's signature had been placed on the note under authority from appellant.

In the sixth paragraph of its charge to the jury, the court defined the term "genuine signature" as follows:

"A signature is the genuine signature of the person whose signature it purports to be when it was placed by the person whose signature it purports to be; or when it was placed thereon

by some other person, by the authority or direction of the person whose signature it purports to be; or when it was placed thereon by the knowledge and consent of the person whose authority it purports to be.''

In the succeeding instruction, the court repeated what had been previously said as to the burden of proof, and followed this by instructing the jury that the instrument in suit and other exhibits to which the admitted genuine signature of appellant was attached, would be sent to the jury room, and that it was proper for the jurors to make comparison thereof, for the purpose of determining its genuineness, and that they should, in deciding this issue, take into consideration the testimony of experts offered upon the trial on this point, and from all of the facts and circumstances shown by the evidence determine the genuineness of the signature. The exceptions preserved to the instruction quoted above are somewhat narrow, but, considered as a whole, we deem them sufficient to challenge the correctness of the definition therein given of a genuine signature.

An instrument signed by a party or by some other person authorized to sign the same for him is valid and binding upon such party, and in that sense is genuine. If, however, the party having the burden claims that the signature was affixed to the instrument by an agent, he must prove that fact, and, under an issue to that effect, the instrument would not be admissible in evidence until a prima-facie showing was made on this point. *Miller v. House & Laub,* 67 Iowa 737. No such issue was involved in this case. The sole question was whether appellant personally signed the note. The testimony of the expert witnesses was necessarily directed to this point. The denial of appellant was of the genuineness of the signature. The answer presented no other issue. The signature, to be genuine, in the issues joined in this case, was one written by the appellant, and none other. The instruction is clearly erroneous on this point, and the only question is whether appellant could have been prejudiced thereby. Prejudice is not necessarily negatived by the fact that the burden was placed upon appellee to prove that the signature was written by appellant or by some other person having authority to write same. D. H. King, the

principal, is the son-in-law of appellant. H. C. Linder is the mother of King, and it is admitted that he signed her name to the note. The proof was conclusive that the consideration for the note was a loan of $1,000 to King. It was also clearly established that appellant was in Florida on March 1st, and that he did not return to Batavia, where he resided, until March 22d. Appellee testified that the note was signed by appellant in King's office, a day or two after March 1st, in his presence. The note after that date was at all times in the possession of appellee.

Notwithstanding the sole claim of appellee, counsel elicited from Dr. Britt, on cross-examination, that he had, some time before the note was signed, been paid for vaccinating hogs of appellant's by a check drawn on appellant's account, to which his name was signed by King. The record does not disclose whether King's name was also signed to the check. Appellant was entitled to have the only issue in the case submitted in such a way as to direct the attention of the jury to that issue, and not some other. The purpose of permitting the jury to make comparison of the disputed signature with others admitted to be genuine was for the purpose of enabling the jurors to determine the genuineness or falsity of the particular signature in question. If, under the facts of this case, they found that it was not the genuine signature of appellant, he was entitled to have a verdict returned in his favor; and it was not within the province of the jury to indulge in speculation or to take into consideration the question as to whether some other person may have signed the instrument with authority from him. The issue as to the genuineness of the signature is a narrow one, and we cannot say that the jury may not have been confused and misled as to the effect of the testimony, by the submission to it of an issue not in any way involved.

A motion was made by appellee to dismiss the appeal upon the ground that no notice was served upon the defendant Linder. Mrs. Linder made no defense upon the trial, and no judgment has been entered against her. So far

2. APPEAL AND ERROR: notice of appeal: party without interest in appeal.

as the record shows, she has the right to a trial. The defense of appellant was purely personal, and Mrs. Linder could in no way be prejudiced

by a reversal of the judgment entered against him. The ground of the motion is not well taken.

It follows from what we have already said that the judgment of the court below must be reversed. It is so ordered.—*Reversed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.