## ADAMS v LINN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2528.    Decided Feb 20, 1936

Ralph H. Henney, Columbus, and Alfred Henney, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendants in error.

## OPINION

By BODEY, J.

This is an error proceeding from the Common Pleas Court, the parties occupying the same relation as below. Reference will here be had to them as they there appeared.

The issues were made between the second amended petition of the plaintiff and the answer of the defendant, Vercoe & Company, thereto. The action was one in trover. The plaintiff alleged that his decedent on July 19, 1929, became the owner of a certificate of deposit of the face value of $2800.00 issued by the defendant. The

Columbian Building and Loan Company; that on or about October 29, 1929, the defendant, George G. Linn, while plaintiff's decedent was mentally incompetent, entered the safety deposit box of said decedent, wrongfully took possession of said certificate of deposit and without authority endorsed the name of the decedent thereon and transferred the same to the defendant, Vercoe & Company, which that defendant in turn endorsed and which ultimately was paid by the defendant, The Columbian Building and Loan Company; that plaintiff's decedent at said time was entitled to the immediate right of possession to said certificate and that he received nothing by reason of the transfer thereof; that by reason of the foregoing allegations there was due plaintiff from the defendants the sum of $2800.00 for which he prayed judgment.

The defendant, Vercoe & Company, in its answer denied generally the operative facts of the petition herein quoted.

Before trial the defendants, George C. Linn and The Columbian Building and Loan Company were dismissed from the case. The trial then proceeded between the remaining defendant and the plaintiff.

At the conclusion of the plaintiff's case the defendant moved for a directed verdict upon the ground that the plaintiff's evidence did not make out a case against the defendant. The plaintiff, according to the record, joined in this motion for a directed verdict and thereupon the jury was discharged. Thereafter judgment was rendered in favor of the defendant and the plaintiff's second amended petition was dismissed. It would appear from an examination of the journal entry of the court and from the bill of exceptions that all parties concerned treated the motions of plaintiff and defendant as having been made at the conclusion of the introduction of all the evidence. Of course, this was incorrect because the defendant's motion was entered at the conclusion of the plaintiff's case. If defendant's motion had been overruled, defendant would have had the right and the opportunity to present his case to the jury. By joining in defendants' motion the plaintiff could not take away such right or such opportunity from defendant.

"A motion by the defendant to direct a verdict at the close of plaintiff's evidence is not a submission of the defendant's case and can not be made so by plaintiff joining in such motion. Such motion by defendant is equivalent to a demurrer to the plaintiff's evidence. If such motion is overruled, the defendant has a right to introduce his evidence and the nature of such motion is not changed by the plaintiff joining in it." Trial and Appellate Practice in Ohio, Hornbeck & Adams, p. 181, §84.

While no error could be predicated upon the action of the trial court, due to the fact that the motion of defendant was sustained and error is prosecuted by the plaintiff below, we believe that attention should be called to the procedure which was apparently followed in connection with the request of the plaintiff for a separate finding of facts and law. Such a request was made and granted by the trial court. Numerous assignments of error are set forth by plaintiff in which exception is taken to the finding of the trial court on the facts. We are of opinion that the request for a separate finding of facts is not proper unless it is made at the conclusion of the whole case. Trial and Appellate Practice in Ohio, Hornbeck and Adams, §122, p. 226. Since application for a separate finding of facts and law was prematurely made and could not have been made under the law until all of the evidence was before the court, we hold that the errors assigned in this petition in error which are directed toward the finding of facts are not well taken.

A motion for new trial was filed and overruled. In this proceeding the plaintiff seeks to reverse the judgment then rendered dismissing the second amended petition. All of the errors assigned, except those relating to the finding of facts, may be grouped under one general heading, to-wit, the judgment of the trial court is contrary to law and is manifestly against the weight of the evidence.

The uncontradicted facts are as follows:

George Linn, plaintiff's decedent, was a member of the Franklin County Bar; he was between seventy and seventy-five years of age: he died some time after May 27, 1931; prior to his death he had been suffering from maniacal depressive insanity; he had been an inmate of a private sanitarium from December 17, 1926 to April 28, 1928, from August 28, 1928 to May 24, 1929, from October 31, 1929 until May 27, 1931, and an inmate of the Columbus State Hospital from the latter date until his death; at times while he was so confined he had a legally appointed guardian. During the period after he was last released from the

private sanitarium, to-wit, on July 26, 1929, his guardianship was lifted; so far as the record discloses no other guardian was appointed for him until after he was again confined; during the intervals when he was not confined, plaintiff's deceased was lucid and was able to transact his legal business; the deceased, George Linn, had a nephew named George G. Linn, with whom he made his home; on July 19, 1929, George Linn purchased from The Columbian Building and Loan Company its certificate of deposit numbered A-81202 in the sum of $2800.00, which certificate was made payable to George Linn, address, 20 E. Broad St., Room 201, which address was that of his law office; on October 23, 1929, George G. Linn turned over to the defendant, Vercoe & Company, said certificate of deposit which bore as an endorsement the name George Linn. Thereupon the defendant, Vercoe & Company, which is a corporation engaged in the brokerage business, opened up an account in the name of Mr. George Linn, 20 East Broad St., Columbus, Ohio. It was stipulated, however, that the account was that of George G. Linn and he received credit for the sum of $2800.00 in the transaction. Vercoe & Company negotiated this certificate of deposit through The Ohio National Bank of Columbus and the same was paid by The Columbian Building and Loan Company on October 30, 1929. The genuine signature of George Linn as the same appeared upon a notary commisson was introduced in evidence while the genuine signature of George G. Linn as the same appeared upon his answer filed in this case was also admitted. These signatures were admitted for the purpose of permitting a comparison to be made with the name of George Linn as the same appeared on the endorsement of the certificate of deposit. Ralph H. Henney, who was the guardian of George Linn, was permitted to testify over objection that the endorsement of the name "George Linn" on the certificate of deposit looked like the signature of George G. Linn, the nephew. No other evdence was offered with reference to the handwriting of either George Linn or George G. Linn, nor was any further testimony offered concerning the endorsement upon this certificate of deposit. No evidence was offered in support of the allegation of the second amended petition that George G. Linn entered the safety deposit box of George Linn, extracted this certificate therefrom and endorsed the same without the authority of George Linn. In its written opinion the trial court in commenting upon a comparison of the signatures as made by it said: "In our op'nion the signature of George G. Linn appearing on Exhibit No. 6, the answer, is dissimilar to the handwriting on the back of the certificate." This court has made its comparison of the true signatures of George Linn and George G. Linn with the name appearing as an endorsement upon the certificate of deposit. In our opinion the endorsement on the certificate bears a striking similarity to the true s'gnature of George G. Linn as the same is exemplified in his answer fi'ed in this case.

Is the evidence which has been detailed above, coupled with the fact that this court notes a decided similarity between the signatures of George G. Linn and the endorsement on the certificate, sufficient to make a prima facie case under this petition? To put it another way, is evidence tending to establish that an endorsement appearing upon a certifictae of deposit is not that of the payee thereof sufficient to take an action of trover based on said certificate, to the jury?

In an action of trover the plaintiff must establish by a preponderance of the evidence that he was the owner and entitled to the immediate possession of certain chattel property at the time the same is alleged to have been converted by the defendant. In our judgment it was not necessary for the plaintiff to have pleaded in his petition that this certificate of deposit was extracted from the safety deposit box of the decedent. Being an unnecessary allegation, no proof need be offered in support of the same. Neither do we believe that it was necessary for plaintiff to detail how the certificate came into the possession of the defendant, Vercoe & Company, whether through the agency of George G. Linn or some other person. The gist of the action was that Vercoe & Company had wrongfully converted to its own use a certificate of deposit, the ownership and right to immediate possession of which was in plaintiff. In our opinion this certificate when presented to Vercoe & Company had upon it an endorsement which was not in the handwriting of George Linn, the payee. To be sure, if the case had been submitted to the jury, the jury might not have reached a similar conclusion from its comparison of the signatures introduced. However, in the absence of the proffer of testimony of experts on handwriting, it was the province of the jury to make its comparison of these signatures. We are of opinion that when the defendant, Vercoe & Company,

was offered this certificate, its position was similar to that of a banker. Before it could obtain good title to this certificate it ·should receive the same by endorsement of the payee or his authorized agent. If this certificate of deposit had been negotiated through a bank and had been paid and it afterwards appeared that the endorsement was not in the handwriting of the payee, the burden would have been upon the bank upon proof of that fact to go forward with its testimony and to show that either the signature was authorized or that the payee had been negligent in his conduct toward the certificate of deposit. We are unable to reach any other conclusion than that the defendant, Vercoe & Company, bore a like situation in this transaction. In this action, granting that the endorsement is not the signature of the payee, we have the defendant, Vercoe & Company, claiming under that endorsement. That defendant knows from whom it received the paper and it is in better position to produce evidence concerning the endorsement than is the plaintiff here. We are of opinion that it alone has a peculiar knowledge of the facts surrounding the endorsement of this certificate and its negotiation to it, and for that reason the burden of going forward with the testimony should be upon it when it is once determined that the endorsement is not that of the payee. The following quotation incorporates the rule as we understand it:

"And so the onus probandi is on the party who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant." 10 R.C.L., p. 902, §53.

In our opinion the plaintiff did make a prima facie case. We hold that the trial court should have overruled the motion of defendant for a directed verdict and should have submitted the case to the jury. The action of the lower court in sustaining the motion for a directed verdict was contrary to law and the evidence and was prejudicial to the plaintiff.

The case is therefore reversed and remanded. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.