## POGLETKE *v.* SCHWANZ.

1. BILLS AND NOTES—SIGNATURES—EVIDENCE.

   A plaintiff in an action at law on an alleged promissory note of defendant widow and her late husband must prove that defendant widow had signed the note, where such fact is disputed (CL 1948, §§ 439.20, 557.51–557.53, 566.132).

2. APPEAL AND ERROR—NONJURY LAW CASE—SUPREME COURT—PREPONDERANCE OF EVIDENCE.

   The Supreme Court does not reverse the findings of fact of a trial judge in a nonjury action at law, where the evidence is so evenly balanced as to preclude saying it clearly preponderated against the view of the trier of the facts.

3. BILLS AND NOTES—EXECUTION OF INSTRUMENTS—PREPONDERANCE OF EVIDENCE.

   Finding of trial court in nonjury action of assumpsit against defendant widow on alleged promissory note, claimed to have been signed by defendant and her late husband, that plaintiff had failed to establish execution of the note is not reversed, where the evidence is so evenly balanced as to preclude finding it was against the preponderance of the evidence.

4. SAME—AFFIDAVIT DENYING EXECUTION—EXTENSION OF TIME—DISCRETION OF COURT.

   It was not an abuse of discretion by the trial court to permit defendant widow to file affidavit denying execution of promissory note approximately a year after commencement of the action, where there was no element of surprise in the trial judge's action in reiteration by affidavit at trial of defendant's long-stated and persistent denial of the existence of the instrument and which affidavit court rule required be filed with answer but permitted extension of time upon proper showing (Court Rule No 27, § 8; No 29 [1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur, Bills and Notes § 989.
[2] 3 Am Jur, Appeal and Error §§ 897, 900.
[2, 3] 3 Am Jur, Appeal and Error § 901.
[4] 41 Am Jur, Pleading § 323.

Appeal from Oakland; Adams (Clark J.), J. Submitted January 8, 1957. (Docket No. 8, Calendar No. 46,960.) Decided July 31, 1957. Rehearing denied October 7, 1957.

Assumpsit by Jean Pogletke against Retta Schwanz on lost promissory note. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kaczor & Russ* (*Stanley F. Kaczor,* of counsel), for plaintiff.

*Sauer & Girard,* for defendant.

EDWARDS, J. Joe and Jean Pogletke and Fred and Retta Schwanz were friends. When the latter were repairing their house at White lake, Fred Schwanz got $4,000 from Joe Pogletke. How this was arranged and the terms, if any, thereof are matters of dispute; but it is clear that the Schwanzes repaid $50 a month to the Pogletkes until Joe Pogletke died in July of 1951.

It is likewise clear that thereafter with notes of sympathy to Jean in relation to Joe's death, Retta continued though somewhat irregularly, to send payments approximating the $50 figure to Jean Pogletke. At one time during this period Retta wrote saying Fred and she wanted to get a bank loan and pay the whole sum. None apparently materialized.

In February, 1954, Fred Schwanz died. The payments ceased. The friendship between the widows ceased, too. After various somewhat legally couched demands and refusals as to the balance claimed to be due the instant suit was started by Jean against Retta.

The suit was a declaration in assumpsit on a promissory note. The note attached recited as follows:

"January 3rd, 1949.

We promise to pay to JOSEPH POGLETKE and JEAN POGLETKE, Four thousand ($4,000.00) Dollars at Fif-

ty ($50.00) Dollars a month, with interest at four (4%) percent.

(Signed)   Fred Schwanz
(Signed)   Retta Schwanz"

The signatures on the note were typewritten. Jean Pogletke asserted it was a copy of a note she had seen executed but had been unable to find after her husband's death.

The defense was simple. No such note, said Retta Schwanz, was ever executed—certainly not by her. She did not, however, attach an affidavit to that effect to her answer as required by Court Rule No 29 (1945).

The case was heard before Circuit Judge Clark J. Adams with jury trial waived. At trial the principal testimony on both sides pertained to the assertions and denials of the execution of the note. The principals were joined by members of their families who took as staunchly opposite views as did Jean Pogletke and Retta Schwanz.

From the beginning of the trial plaintiff's counsel urged upon the court observance of Rule No 29 (1945) with the consequent suggestion that failure of defendant to file an affidavit of denial was fatal and warranted judgment forthwith. After fending off this suggestion through some considerable testimony, the trial judge finally dealt with it by suggesting to counsel for defendant that he file the affidavit. This he did over plaintiff's objections.

Subsequent thereto Judge Adams ruled on the disputed facts by holding as follows in an oral opinion dictated from the bench:

"This cause presents some rather unusual problems in that the witnesses for the plaintiff and the witnesses for the defendant are lined against each other and completely deny that which the other says is the truth. So the court, while he reprimanded one

of the witnesses for using the word 'lie,' finds himself in the position where he must determine that either the witnesses of one or the other party have either falsified or have developed faulty memories and frankly the court, looking at the witnesses as they have been here on the stand and observing them, has been unable to determine which tells the truth and which does not.

"The court is particularly impressed with the appearance on the stand of the daughter of the plaintiff who seemed to require no prompting and spoke of other events of the day, but the court is not unmindful that the children of the defendant made a favorable impression too. Now, there can be no question but which $4,000 was borrowed back in 1949, probably on January 3d, although that is not too clear. I think the court may assume properly from the testimony the admissions of the parties that that money was used in the improvements of the home and probably there is a balance of slightly over $2,000 in principal still owing, but I think that this action is brought under a special statute which impresses an obligation on the wife only if she joins in writing with her husband, and then that obligation, if it exists, has to be satisfied out of that property which was held jointly by the husband and wife at the time or during the lifetimes of the parties. When it comes down to the proof of whether or not this, shall we say, moral obligation was reduced to writing, the court then finds himself in considerable doubt. The court is not unconscious of the fact at all that the burden in the lawsuit is always on the plaintiff to show his cause of action by a preponderance of the evidence and in this instance, as I have already indicated, the court is unable to tell with a degree of definiteness which of the witnesses is telling the truth and finds himself presented with absolute contradictory statements on the part of the 2 groups. For this court to say that he is convinced by a preponderance of the evidence that the plaintiff [defendant?] has or rather that the plaintiff [defendant?]

did sign a written instrument is literally impossible. The court can't say that. The court can say that the money was borrowed; probably a moral obligation but the court can't say with any degree of assurance in this instance that the money went to the wife or, as is in the plaintiff's case, that the wife signed a promissory note with her husband to repay this money.

"Therefore, in view of the fact that the court feels there is a moral obligation, it is with some reluctance that the court concludes that the plaintiff has failed in its responsibility to show by a preponderance that this promissory note was signed by the defendant Rita Schwanz.* That being the finding of the court, a judgment of no cause of action will have to enter."

On appeal to this Court 2 basic issues are presented:

(1) Was the judgment of no cause for action against the preponderance of the evidence?

(2) Did the trial judge commit reversible error by refusing to grant plaintiff's motion for judgment based on defendant's failure to file an affidavit of denial of execution as required by Court Rule No 29 (1945) and by subsequently suggesting and allowing the belated filing of same?

It is plain that plaintiff cannot recover in this suit except by a determination on the disputed facts favorable to her. This is an action at law wherein plaintiff declared upon a promissory note. There is no doubt that under provisions of the statute of frauds and the negotiable instruments law and the joint real-estate holdings act, proof of defendant's signature upon the note is essential to plaintiff's case. CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.-922) ; CL 1948, § 439.20 (Stat Ann § 19.60) ; CL 1948, §§ 557.51, 557.52, 557.53 (Stat Ann 1957 Rev §§ 26.-181, 26.182, 26.183) ; *Frailing* v. *Sieber*, 168 Wis 259

---

* In her testimony the defendant stated her correct name was "Rita Schwanz."—REPORTER.

(169 NW 607); *Lipman* v. *Manger,* 185 Wis 63 (200 NW 663); *Wilmarth* v. *Buys,* 263 Mich 285; *Benjamin* v. *Bondy,* 322 Mich 35; 26 Am Jur, Husband and Wife, § 140.

As to the dispute of testimony, from the cold words on the printed page we have less chance to judge the truth than the trial judge who saw and heard the witnesses. *Hartka* v. *Hartka,* 346 Mich 453.

Certainly the evidence presented to us by the record alone is so evenly balanced as to preclude our saying that it clearly preponderates against the view of the trier of the facts. Under such circumstances we do not reverse. *Benjamin* v. *Bondy, supra; Phelps* v. *Grand Rapids Growers, Inc.,* 341 Mich 62.

We turn now to the second and more technical issue. Did the trial judge's ruling pertaining to Court Rule No 29 (1945) constitute error?

The rule is as follows:

"In an action upon any written instrument, under seal or without seal, the plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant, unless the defendant or someone in his behalf shall file and serve a copy of an affidavit denying the same, and this rule shall apply in actions brought against indorsers as well as other parties, and shall also apply in favor of a defendant. Such affidavit shall be filed, when by the defendant, with the answer, and when by the plaintiff, within 15 days after service of the specific set-off claimed; but the court may, upon proper showing, extend the time for filing such affidavit."

Honigman's annotation on this rule concludes: "Failure to file the affidavit within the time period provided by the rule may be cured by permission of the court in the exercise of a sound discretion." Honigman, Michigan Court Rules Annotated, p 293.

Court Rule No 27, § 8 (1945), spells out this discretion.

"The circuit court or judge or circuit court commissioner in the absence of the judge from the county or in case of his inability to act, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done within a limited time either before or after the expiration of the time."

See, also, CL 1948, § 616.1 (Stat Ann § 27.838).

And we find another Honigman comment:

"Courts are liberal in granting extensions of time. The test is generally that of fairness in subserving the needs of justice." Honigman, *supra,* p 267.

The trial judge gave this rationale to his action in granting belated filing of the needed affidavit:

"The last sentence of the Rule 29 (1945) says that the court may upon proper showing establish the time for filing such affidavit. Without going into further discussion regarding that rule, I am going to permit Mr. Girard to file an affidavit denying before this matter is concluded. You are not going to be surprised by that affidavit because you have a complete knowledge since this answer was filed May 7 [2?], 1955, that they did deny the execution of the note. * * * I know I ruled on this other matter, but the testimony, as apparently directed right now, would indicate perhaps she didn't sign the instrument at all. It is not a question of genuineness. It is a question of no instrument at all. * * * Counsel for the defendant has been instructed to file an affidavit of denial before the case is completed. However, I see very little merit in your objection because this pleading to deny the execution has been for several months before, since May of 1955. Almost a year ago. I can't conceive of any surprise. It may be a technical violation of the rule. Being a technicality it is within the discretion of the court. You may proceed."

We believe that the record does not indicate abuse of the trial judge's discretion, since there is no ele-

ment of surprise in reiteration by affidavit at trial of defendant's long-stated and persistent denial of the very existence of such an instrument.

*Portsmouth Savings Bank* v. *Circuit Judge,* 83 Mich 646. See, also, *Standard Oil Co.* v. *Riddell,* 267 Mich 375.

The judgment of the court below is affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.