THE CREDIT EQUIPMENT CORP., APPELLANT, *v.* STEINER ET AL., D. B. A. KIDRON FEED AND SUPPLY, APPELLEES.

(No. 1170—Decided October 30, 1959.)

*Messrs. Smart & Smart*, for appellant.
*Messrs. Maier & Maier*, for appellees.

HUNSICKER, J.  Elmer Steiner and his cousin, Lester Steiner, owned and operated a business at Kidron, Ohio, known as "Kidron Feed and Supply."  They purchased from Carbozite Protective Coatings, Inc., some paint, and paid for the paint by means of trade acceptances which were honored in due course.

Thereafter, three other trade acceptances were sent to the bank where the Steiners did business, by The Credit Equipment

Corp., to whom they had been endorsed, by Carbozite Protective Coatings, Inc., for value and before their due date. These acceptances, which were purported to have been signed by Lester Steiner, were not paid. The Credit Equipment Corp. then sued the Steiners on these trade acceptances, and the Steiners, among other things, said, in their answer, that they "expressly deny the execution and delivery by them, or either of them, of the alleged so-called trade acceptances upon which plaintiff's (The Credit Equipment Corp.'s) petition and claim are predicated."

In addition, the answer contained two other allegations concerning the trade acceptances therein sued upon, one stating that the Steiners refused to execute trade acceptances, and the other referring to the trade acceptances as spurious.

Issue was thus made as to the validity of the instruments upon which the suit was predicated. The appellant herein, The Credit Equipment Corp., established that it had bought for value, and before the due dates, three separate instruments, designated trade acceptances, from Carbozite Protective Coatings, Inc. These trade acceptances were identified and introduced into evidence. They each bore the name "Lester Steiner." Elmer Steiner was called to testify as on cross-examination, and he denied that the partnership executed and delivered these instruments to Carbozite Protective Coatings, Inc., and further that the name "Lester Steiner" signed to such papers was not the signature of his partner and cousin, Lester Steiner.

Lester Steiner then was called to testify as on cross-examination, and he too denied that the partnership had executed these papers, specifically denied that the name written on them was written by him, and denied that such writing was his signature.

Various signatures of Lester Steiner were then shown to him. Most of them he admitted to be his, but one or two he denied or was uncertain that they were written by him. The genuine signatures, as well as the three trade acceptances in dispute, were, upon request of counsel for the plaintiff, introduced and accepted into evidence, and are before this court in the bill of exceptions.

The Credit Equipment Corp. rested its case with the introduction of the evidence detailed above.

The trial court then, upon motion of the defendants, Steiner, rendered judgment against The Credit Equipment Corp. An appeal from such judgment was then lodged in this court.

The principal question in such appeal is: Did the appellant, by the proof of purchase of these negotiable instruments (the three trade acceptances) before due date and for value, establish a prima facie case against the parties herein? In other words, is there a presumption of valid execution that attaches to a negotiable instrument which on its face appears to be properly executed, which presumption then places upon the alleged promisor the obligation of disproving the proper execution and delivery of the instrument?

We do not now discuss the effect of submitting into evidence several samples of the handwriting of the one partner, Lester Steiner.

In the case of *Carrara Paint Agency Co.* v. *American National Bank of Barberton*, 9 C. C. (N. S.), 150, 19 C. D., 485, the court said the burden of proving the execution of a negotiable acceptance, which execution was denied, is upon the plaintiff. To the same effect is the case of *Buck, Gdn.*, v. *Coblentz*, 18 Ohio Law Abs., 1. The rule stated in these Ohio cases conforms to the rule in many other jurisdictions, where it is stated that the burden of proof of signature and due execution is on the plaintiff, where the answer denies the execution of the note or the genuineness of the signature. *Hawkins* v. *Rieman*, 73 Ind. App., 127, 125 N. E., 410; *Conner* v. *Henry*, 201 Iowa, 253, 207 N. W., 119; *Niles* v. *Rexford*, 105 Vt., 492, 168 A., 714; *Porter* v. *Porter*, 244 Ala., 132, 12 So. (2d), 186; *Rogers* v. *Rogers*, 52 Ga. App., 548, 184 S. E., 404; *Simpson* v. *Simpson*, 276 Ky., 223, 123 S. W. (2d), 816; *Pogletke* v. *Schwanz*, 349 Mich., 129, 84 N. W. (2d), 550.

In some of these cases, the action was between the alleged payee and alleged maker. However, the rule above stated as the Ohio rule is applied in cases where there is an action by a transferee by endorsement, as in the instant case.

We determine that, under the pleadings herein, where both execution and delivery were denied, the plaintiff was required to establish more than a similarity of signatures. The case of *Adams* v. *Linn*, 22 Ohio Law Abs., 34, although approving, in the

absence of the proffer of testimony of experts on handwriting, the right of the jury to compare signatures, is not authority for the claim that a presumption of validity attaches to a negotiable instrument regular on its face, when the execution and delivery of that instrument is the issue between the parties.

We do not have herein a plea of failure of consideration, or that the trade acceptances have been paid, or other affirmative defenses. The defense here is: we never made, signed or delivered such an instrument as you say we owe.

It would be unfair to require the claimed defendants to prove affirmatively what they have alleged in their answer, for in the light of that defense the appellant herein is better able to show, through the one from whom he purchased these trade acceptances, under what circumstances they bear the name of the one sought to be charged herein.

We therefore determine that the appellant, Credit Equipment Corp., did not establish a prima facie case against the appellees, Elmer Steiner and Lester Steiner.

We have examined all claimed errors, and find none prejudicial to the substantial rights of the appellant, and the judgment must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.