KIES *v.* WALWORTH.

1. HUSBAND AND WIFE—LIABILITY OF MARRIED WOMEN—ESTATES BY ENTIRETIES.

   Apart from Act No. 158, Pub. Acts 1917, abolishing common-law disabilities of married women to certain extent, a married woman may become a joint debtor with her husband if proper consideration runs to her with reference to her separate property, and a joint judgment against husband and wife may be enforced by levy on real estate held by them as tenants by entireties.

2. SAME—EFFECT OF STATUTE ADDING TO RIGHTS OF MARRIED WOMEN TO BECOME JOINT DEBTORS WITH HUSBANDS.

   Act No. 158, Pub. Acts 1917, abolishing common-law disabilities of married women to certain extent, does not disturb existing right and liability of married woman to become joint debtor with her husband if proper consideration runs to her with reference to her separate property, but adds to said right a limited power to contract as joint debtor with her husband without necessity of special consideration running to her.

3. SAME—DUTY OF COURT TO INCORPORATE RECITALS IN JOINT JUDGMENT—PURPOSE OF RECITALS.

   Duty is on court to incorporate in joint judgment against husband and wife under Act No. 158, Pub. Acts 1917, the recitals required by section 4 of said act; the purpose being to insure restriction of the scope of the special statutory joint judgment to statutory conditions.

4. SAME—FAILURE TO INCORPORATE RECITALS IN JUDGMENT NOT FATAL TO LEVY ON PROPERTY HELD BY ENTIRETIES.

   Since levy could be made on property held by entireties under either form of joint judgment against husband and wife, whether in usual form or under recitals required by section 4, Act No. 158, Pub. Acts 1917, failure of court to incorporate in joint judgment recitals so required would not invalidate levy on property held by entireties.

Appeal from Hillsdale; Parker (James S.), J., presiding. Submitted January 8, 1930. (Docket No. 49, Calendar No. 34,728.) Decided March 6, 1930.

Bill by Su$an T. Kies, survivor of herself and L. E. Kies, against Sarah Walworth and Earl H. Kerr, sheriff of Hillsdale county, to set aside a judgment and levy thereunder. From a decree dismissing bill, plaintiff appeals. Affirmed.

*Fred O'Melay, Merton Fitzpatrick,* and *John F. Stewart,* for plaintiff.

*Wilbur D. Grommon,* for defendants.

FEAD, J. The case involves construction of Act No. 158, Pub. Acts 1917, which abolishes the common-law disabilities of married women to the extent that "it shall be competent for them to bind and make themselves jointly liable with their husbands upon any written instrument" which contains a statement that no undue influence or constraint has been exerted against the wife in the execution of it, the liability, however, to extend only to real estate held by the husband and wife as tenants by the entireties or real estate acquired by either of them as survivor of the other. Such property is liable to sale on execution on joint judgment against them. Section 4 reads:

"Such judgment or decree shall be enforced in all respects as now provided by law, except this, that in all cases where such liability is sought to be enforced as against the real estate of the husband and wife owned by them jointly as tenants by entirety or the crops, rents, profits or proceeds thereof or

taken therefrom, the judgment or decree shall recite and it shall be the duty of the court to determine in such suit or proceeding whether such judgment or decree is rendered upon any written instrument and whether the parties defendant in such suit or proceeding and against whom such judgment or decree is rendered, were at the date of delivery of such instrument husband and wife, naming them, which recital of fact for the guidance of the officer shall be endorsed upon any writ of execution or other process issued thereon or for the collection thereof, which recital shall be conclusive as against the husband and wife and authorize the enforcement of such judgment or decree as against all property subject to the satisfaction thereof by virtue of this act."

Defendant Walworth had joint judgment in ordinary form against plaintiffs, L. E. Kies (who died after this suit was started) and his wife Susan, on a joint note given by them in consideration of the release of a mortgage from their land owned by the entireties. Execution was levied against the land, and this suit is to set aside the levy and declare the judgment void because the judgment and execution do not contain the recitals required by section 4.

The statute is one of a series of legislative acts which are gradually abrogating the common-law disabilities of married women. These acts are emancipatory and cumulative, carry no inference of curtailment of rights and corresponding obligations had by virtue of other statutes and the common law, but, unless the context indicates otherwise, leave existing rights and obligations intact and add new freedom of action to that already enjoyed.

Apart from this statute, a married woman can become a joint debtor with her husband, if proper consideration runs to her with reference to her separate property (*Post* v. *Shafer*, 63 Mich. 85), and a joint

judgment against husband and wife may be enforced by levy on real estate held by them as tenants by the entireties. *Sanford* v. *Bertrau,* 204 Mich. 244. The statute does not disturb this right and liability of the wife, but adds to the right a limited power to contract as a joint debtor with her husband without the necessity of special consideration running to her. The exercise of the statutory power, however, unlike the right to contract as to her separate estate and her liability therefor, is conditioned on the form of obligation, that it be on written instrument, and, on the extent of her liability, that it be confined to property held jointly with her husband.

If a judgment be taken against husband and wife in the usual form, it imports a general joint obligation upon which levy could be made, not only on the real estate held jointly, but also on the wife's as well as the husband's separate estate. So, the apparent principal office of the recitals required by section 4 is to insure restriction of the scope of the special statutory joint judgment to the statutory conditions. They are "for the guidance of the officer" to instruct him that the judgment has not the usual effect of a joint judgment, that it was taken under the statute, that execution cannot be levied on the wife's separate property, but must be confined to the joint estate. Secondarily, probably it is an assurance to the officer of the right to make such levy by foreclosing the question of marital status.

The duty of incorporating the recitals in the judgment is on the court. Its failure to perform the duty should not prejudice substantial rights. In a case in fact based upon the statute and in which a general joint judgment is not authorized by other law, if the judgment be taken in the customary form and without the recitals, an attempt to levy upon the

separate estate of the wife would be restrained and the judgment corrected on application. But as a levy could be made on property held by the entireties under either form of joint judgment against husband and wife, whether it be in the usual form or contain the statutory recitals, the failure to incorporate the recitals in the judgment would not invalidate the levy on such property.

Plaintiff's other points are untenable, and need no discussion.

The decree dismissing the bill is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.