DUNCAN *v*. KIRKER.

1. GARNISHMENT—WEIGHT OF EVIDENCE.
   Finding of trial judge that garnishee defendants purchasing principal defendants' equity as vendees retained part of purchase price under agreement that debts underlying levy and lien should be satisfied for that sum, *held,* not against clear weight of evidence.

2. EVIDENCE—PAROL EVIDENCE—CONSIDERATION.
   Where recital of consideration was mere acknowledgment of payment, parol evidence that garnishees, purchasers of vendees' interest, assumed and agreed to pay incumbrances as part of consideration was admissible.

3. GARNISHMENT—STATUTORY ISSUE.
   In garnishment proceeding, liability of married woman for incumbrance on land purchased by her and her husband, raised by testimony of garnishee taken before circuit court commissioner, as against affidavit in garnishment, made statutory issue (3 Comp. Laws 1915, § 13132).

4. HUSBAND AND WIFE—LIABILITY OF WIFE—STATUTES.
   Undertaking by husband and wife to pay incumbrances against land purchased by them does not relate to wife's separate estate, and therefore in absence of compliance with provisions of Act No. 158, Pub. Acts 1917, § 2, she is not liable.

Error to Wayne; Dehnke (Herman), J., presiding. Submitted October 9, 1930. (Docket No. 51, Calendar No. 35,135.) Decided December 2, 1930.

Garnishment proceedings by George A. Duncan and another against John G. Kirker and another, principal defendants, and Roy H. Workman and Nina Workman, garnishee defendants. From judgment for plaintiffs, garnishee defendants bring

error. Reversed as to Nina Workman and affirmed
as to Roy H. Workman.

*Charles E. Duffy,* for plaintiffs.

*Wynn, Zinn & Freimuth,* for garnishee defendants.

CLARK, J. The trial of a statutory issue in garnishment (3 Comp. Laws 1915, § 13132) resulted in
judgment for plaintiffs against the garnishee defendants, Roy Workman and Nina Workman, his
wife, who bring error.

That there was indebtedness to the principal defendants was found by the trial judge, without a
jury, by finding of fact and by conclusion of law,
both of which are challenged.

The garnishee defendants, on November 19, 1928,
agreed to purchase from principal defendants, Mr.
and Mrs. Kirker, their vendees' interest under a
land contract. The remainder due on the contract
and certain city taxes the purchasers assumed and
agreed to pay. This agreement was not completed
within the time limited nor according to its terms,
for it was found that the said vendees' interest was
incumbered by a levy and a lien in the total sum
$3,575.35.

On December 12, 1928, the Kirkers and Mr. Workman signed another paper called articles of agreement, which recites:

"It is understood by the parties hereto that the
abstract of title to said premises at the date hereof
shows a levy in the sum of $3,449.35 dollars, outstanding in favor of George R. Duncan and Cecelia
R. Duncan, and a lien in the sum of $126 outstanding in favor of Joseph H. Lounsbury."

The interest under the contract was transferred to Mr. and Mrs. Workman, garnishees. In closing the deal, the following computation was used:

"$3,039.04  Liens and Levies    Sale Price $42,240.86
  1,244.00  Contract         Bal. on. Cont.  34,065.86
  1,191.96  Interest
    700.00  Tax                Equity     8,175.00
    375.00  Rent Adjustment
  1,625.00  Cash

$8,175.00                               $8,175.00
            $1,625.00
                18.50  Abstract

             1,606.50
             1,260.00  Commission

              346.50  Chk."

From this it appears that the Kirkers' equity was taken at $8,175, from which were deducted sums due on contract, interest, tax, rent adjustment, lien, and levy, leaving $1,625 to be paid to the Kirkers, but from this was also deducted and paid abstract, $18.50, and broker's commission, $1,260, so that the Kirkers received only $346.50.

It is plaintiffs' contention, supported by evidence, that the Workmans retained the item of $3,039.04 under an agreement and understanding that the debts underlying the levy and lien could be satisfied for that sum and that they would satisfy them from the sum so retained.

The garnishee defendants deny making such agreement, and assert they purchased subject to levy and lien. The testimony on this issue is flatly contradictory. But there is this significant circumstance, which can be explained, reasonably, only on

the theory that plaintiffs are right, that the total of lien and levy is $3,575.35, while, in closing the deal, plaintiffs' equity is reduced in this regard by the sum of only $3,039.04, the amount for which, as plaintiffs say, garnishee defendants had arranged settlement.

The finding of the trial judge is not against the clear weight of the evidence and must stand.

As to law, it is urged that evidence that garnishees assumed and agreed to pay such incumbrances was not admissible because it contradicts and alters the written agreement in violation of the parol evidence rule. The parties did not carry out the agreement of November 19th. They made subsequent agreement in which the statement of consideration is not "an operative part of a contractual act." 5 Wigmore on Evidence (2d Ed.), § 2433. Such recital as there is of consideration is a mere acknowledgment of payment, which may be explained, and the fact of assuming incumbrances as a part of consideration may be shown.

It was held in *Swarthout* v. *Shields,* 185 Mich. 427, quoting syllabus:

"The purchaser of land which is subject to a mortgage who assumes payment of the mortgage debt may agree not only to relieve the grantor of the incumbrance but also charge himself as against the mortgagee with personal responsibility; the agreement may rest in parol and be valid under the statute of frauds."

See 22 C. J. p. 1163; *Strohauer* v. *Voltz,* 42 Mich. 444.

The trial court was in error in ordering judgment against Mrs. Workman. This question was raised by testimony of garnishees taken before a circuit court commissioner, which testimony, as against the

affidavit in garnishment, made the statutory issue. 3 Comp. Laws 1915, § 13132. The obligation here undertaken by Mrs. Workman did not relate to her separate estate. *Doane* v. *Feather's Estate,* 119 Mich. 691. The judgment here might be satisfied of either joint property of defendants or of the separate property of either. Mrs. Workman might have been made liable by compliance with Act No. 158, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11488 [1] *et seq.*), which we need not discuss, it having been fully considered and applied in *Kies* v. *Walworth,* 250 Mich. 34. See, also, *Dickman* v. *Endert,* 247 Mich. 551.

Judgment against Mrs. Workman is reversed without a new trial and with costs to her.

Judgment against Mr. Workman is affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.