## WOCH *v.* KOZAKIEWICZ.

1. HUSBAND AND WIFE—MASTER AND SERVANT—ESTATES BY ENTIRETIES—NEGLIGENCE.

   Wife may not be held liable for negligent death of carpenter building house on property owned by entireties, because action is based on relation of master and servant created by contract of hiring, and, it not being her separate property, she could not make contract asserted (3 Comp. Laws 1929, §§ 13057, 13062 *et seq.*).

2. APPEAL AND ERROR—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

   Where evidence was so conflicting that it would sustain finding either way, and motion for new trial on ground that verdict was against great weight of evidence was denied by trial judge, Supreme Court declines to disturb his holding on same ground urged in this court.

Error to Wayne; Webster (Clyde I.), J. Submitted April 10, 1931. (Docket No. 64, Calendar No. 35,469.) Decided June 1, 1931.

Case by Agnes Woch, administratrix of the estate of Joseph Woch, deceased, against Joseph and

Stefani Kozakiewicz for personal injuries resulting in the death of plaintiff's decedent while building a house for defendants. Judgment for plaintiff against both defendants. Defendants bring error. Affirmed as to defendant Joseph Kozakiewicz, and reversed as to defendant Stefani Kozakiewicz.

*Dohany & Dohany,* for plaintiff.

*Lorne W. Weber* and *Peter P. Boyle,* for defendants.

CLARK, J. Plaintiff's decedent, while employed as a carpenter building a house on a lot owned by defendants, Mr. and Mrs. Kozakiewicz, as husband and wife, fell with a scaffold and suffered injuries from which he died. Plaintiff, averring that negligence of the defendants in constructing and providing an unsafe scaffold caused the death, sued both defendants and had verdict and judgment against both. The hiring of plaintiff's decedent was oral and by the defendant Mr. Kozakiewicz. The other defendant, Mrs. Kozakiewicz, knew of the building and was present when the work was being discussed with deceased.

The first question presented by defendants' assignments of error is that judgment may not be had against the wife.

The property was owned by defendants as husband and wife, as tenants by entirety. It was not the separate property of the wife, so 3 Comp. Laws 1929, § 13057, is not applicable. Act No. 158, Pub. Acts 1917, as amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13062 *et seq.*), further abrogating the common-law disability of married women is not urged as here important. See *Kies* v. *Walworth,* 250 Mich. 34.

The judgment here might be satisfied of either the joint property of defendants or the separate property of either. *Duncan* v. *Kirker,* 252 Mich. 353.

We are pointed to no statute permitting such recovery against the wife in a case such as this. Right of such recovery is asserted on the ground that this is a tort action, with citation of *Field* v. *Steiner,* 250 Mich. 469, where it was held by part of the court that husband and wife might be held jointly for a fraud by both of them. *Sanford* v. *Bertrau,* 204 Mich. 244, also a fraud case, is cited. But such cases are not in point.

To recover here, plaintiff must establish the relation of master and servant between deceased and defendants, the basis of which relation is a contract of employment. 39 C. J. pp. 33, 268. The wife could not make the contract here asserted with reference to entirety property, not her separate property. *Speier* v. *Opfer,* 73 Mich. 35 (2 L. R. A. 345, 16 Am. St. Rep. 556); *Curtis* v. *Crowe,* 74 Mich. 99; *Schultz* v. *Pomplon's Estate,* 227 Mich. 304 (36 A. L. R. 387); *Kies* v. *Walworth, supra.* She had no obligation to pay wages, and likewise no duty to provide a safe place to work. She was not the master. Therefore she cannot be held as a negligent master. 30 C. J. p. 786. Judgment against her should be reversed.

In behalf of the other defendant, it is argued that the verdict is against the great weight of the evidence. It is not seriously disputed that the scaffold was poorly constructed and unsafe. The chief question of fact is whether it was provided by Mr. Kozakiewicz or erected by deceased himself. The testimony and circumstances are contradictory and would sustain a finding either way. The trial judge denied a new trial on this ground, and we must decline to disturb his holding.

Judgment against Mr. Kozakiewicz is affirmed, with costs, and against the other defendant reversed, with costs to her against plaintiff. Cause remanded for judgment.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.