SEYMOUR *v.* POWERS.

1. HUSBAND AND WIFE—MORTGAGES—COMMON-LAW RIGHT OF WIFE TO MORTGAGE HER PROPERTY FOR DEBT OF ANOTHER.

At common law wife could mortgage her separate property or join with her husband in mortgage on property held by entireties to pay debts of husband, become surety for his obligations, or secure debt of another.

2. SAME—ESTATES BY ENTIRETIES—STATEMENT AS TO COERCION OF WIFE—STATUTES.

Provisions of Act No. 158, Pub. Acts 1917, requiring statement that no undue influence or constraint had been exerted against wife, is not applicable to mortgage executed by her and her husband on property held by them by entireties as security for debt of her stepsons.

3. MORTGAGES — HUSBAND AND WIFE — ESTATES BY ENTIRETIES — FRAUD.

In absence of fraud, duress, or coercion, mortgage executed by husband and wife on property held by them by entireties to secure debt of wife's stepsons is valid to extent that mortgagee was required to respond.

4. SAME—DEED GIVEN AS MORTGAGE.
   Deed, although absolute in form, given as security, is in fact mortgage.

5. SAME—FORECLOSURE.
   Where no note was given with real estate mortgage, recital of purpose in instrument limits remedy to foreclosure.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 4, 1931. (Docket No. 43, Calendar No. 35,666.) Decided October 30, 1931.

Bill by Leonard A. Seymour against Hester Powers and another to foreclose a mortgage. Cross-bill by defendants against plaintiff to discharge the mortgage. Decree for defendants. Plaintiff appeals. Reversed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Harry Pell,* for defendants.

WIEST, J. The bill herein was filed to foreclose a real estate mortgage executed by Charles and Hester Powers, husband and wife, owners by entirety. After suit Mr. Powers died, and defendant Tisdale is the representative of his estate. Defendants, by cross-bill, alleged duress, want of consideration, and failure of the mortgage to show compliance with the provisions of Act No. 158, Pub. Acts 1917, and prayed discharge thereof. Plaintiff appeals from a decree discharging the mortgage.

Two sons of Charles Powers, and stepsons of Hester Powers, had been arrested upon a *capias ad respondendum* for an alleged misappropriation of funds of the West Michigan Oil Company, and were desirous of adjusting the matter, and to that end

applied to plaintiff to indorse notes, signed by them and indorsed by their father and stepmother and others. Plaintiff consented, if protected by a mortgage executed by their father and stepmother. The mortgage was executed at the request of the sons, delivered to plaintiff, the indorsements were made by plaintiff, and, to the extent he was later required to pay as such indorser, he asked foreclosure of the mortgage. The circuit judge held the mortgage void because it failed to contain a statement that no undue influence or constraint was exercised against Mrs. Powers in the execution thereof.

The mentioned act of 1917 provided:

"SECTION 1. The common-law disability of married women to make and enter into the class or kind of contracts hereinafter specified in section two, is hereby abrogated and abolished.

"SEC. 2. Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and make themselves jointly liable with their husbands upon any written instrument as hereinafter provided. Such instrument shall contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof. Said liability to extend, however, only to the property described in the following section.

"SEC. 3. Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, shall be liable to seizure and sale on execution in satisfaction of any judgment which has been recovered against the husband and wife jointly on any instrument signed by both and on which such husband and wife have been found jointly liable."

This act was amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13062 *et seq.*), and the

required recital eliminated. This, however, does not affect the instant case. The act of 1917 removed some common-law disability of a wife but did not impose any restraint unknown at common law.

As said by Mr. Justice FEAD, speaking for the court, in *Kies* v. *Walworth*, 250 Mich. 34:

"The statute is one of a series of legislative acts which are gradually abrogating the common-law disabilities of married women. These acts are emancipatory and cumulative, carry no inference of curtailment of rights and corresponding obligations had by virtue of other statutes and the common law, but, unless the context indicates otherwise, leave existing rights and obligations intact and add new freedom of action to that already enjoyed."

At common law a wife could mortgage her separate property or join with her husband in a mortgage upon property held by entirety, to pay the debts of the husband, become surety for his obligations, or secure the debt of another. *Federal Bond & Mortgage Co.* v. *Goldman*, 235 Mich. 571, 577.

The invoked statute is wholly inapplicable, for what could be done before its enactment could as well be done thereafter without any regard to its provisions.

There was no fraud, duress, or coercion. It was the duty of the sons to make restitution, and was within the law for their father and stepmother to aid them in doing so. *Hanson* v. *Loescher*, 221 Mich. 387. The sons of Charles Powers wanted to make restitution and get released from civil restraint, their father and stepmother were willing to help them; their release could be obtained if plaintiff would indorse notes, and he was willing to do so if secured by mortgage. The sons induced their father and stepmother to execute the necessary mortgage

and plaintiff made the requisite indorsements. To the extent that plaintiff was required to respond on account of his indorsements the mortgage was valid.

It should be remembered that this suit is foreclosure of the mortgage and not an action at law to recover upon the notes indorsed by Mr. and Mrs. Powers.

The case of *Dickman* v. *Endart,* 247 Mich. 551, relied on by defendants, is not in point. That was an action at law to recover on a contract of guaranty made by a wife.

We have termed the security a mortgage, because such in fact, although a deed in form. The record discloses no note and the recital of purpose in the instrument limits remedy to foreclosure.

The decree in the circuit court is reversed, and a decree of foreclosure, but not attended with personal liability, will be entered in this court, with costs to plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.