HURD LUMBER & WOODWORK CO. *v.* FRIEDMAN.

1. ASSUMPSIT, ACTION OF—COMMON COUNTS—WRITTEN CONTRACT.
   In assumpsit for value of building materials furnished under written contract, it was not necessary for plaintiff to declare on the contract, set out copy of it in declaration, or attach copy of it to bill of particulars; declaration on common counts being sufficient.

2. SAME—HUSBAND AND WIFE—LIABILITY OF MARRIED WOMAN—STATUTES.

In assumpsit on common counts against husband and wife for value of building materials furnished them under written contract, Act No. 158, Pub. Acts 1917, involving liability of married woman on written instrument, is not applicable; action not being on written contract.

Appeal from Wayne; Miles (Fred T.), J., presiding. Submitted January 19, 1932. (Docket No. 181, Calendar No. 36,071.) Decided April 4, 1932. Rehearing granted June 6, 1932.

Assumpsit by Hurd Lumber & Woodwork Company, a Michigan corporation, against Nathan and Sarah Friedman on the common counts for building materials. Judgment for plaintiff. Defendant Sarah Friedman appeals. Affirmed. For opinion on rehearing reversing this opinion, see 261 Mich. 245.

*Frank Day Smith,* for plaintiff.

*Harry H. Platt,* for defendant Sarah Friedman.

POTTER, J. Plaintiff sued defendants on the common counts in assumpsit. Defendants pleaded the general issue, and gave notice of three special defenses: That Sarah Friedman was a married woman; the lumber sued for was furnished by plaintiff to remodel a house owned by defendants; the lumber was not delivered to her, nor for the benefit of her separate estate; said Sarah Friedman never ordered any lumber, nor did she consent or authorize her husband or anyone else to purchase lumber and charge the same to her; it was furnished by plaintiff to defendants without intending to charge it to her, but was charged to her husband, and plaintiff repossessed itself of the whole or a part of the lumber alleged to have been delivered. Upon trial there was judgment for plaintiff, and defendants appeal.

Appellants state that the questions involved are:

(1) Is a written instrument upon which recovery is sought admissible in evidence where the declaration contains only the common counts to which a copy of said written instrument was not attached?

(2) Is a married woman liable on a written instrument executed by her in 1927 without complying with the provisions of Act No. 158, Pub. Acts 1917? (See 3 Comp. Laws 1929, § 13062 *et seq.*)

Appellee contends that the questions involved are:

"(1) Is a signed order for materials admissible in evidence in an action brought on the common counts, and not brought on the contract?

"(2) Is the wife liable for building materials ordered by her jointly by her husband, where the order is signed by both and where the material is delivered and used in other than homestead property when sufficient appears in the record to establish conduct fraudulent on the part of the wife?"

Assumpsit "is the appropriate action for the recovery of damages arising from the breach of a simple contract or undertaking, whether verbal or in writing. * * * In order to support an action of assumpsit there must be a contract, express or implied in law, between the parties to the action." 1 Green's Mich. Practice (3d Ed.), pp. 129, 130.

"There can be no doubt, I apprehend, but that *assumpsit* on the common counts would lie for the plaintiff's services and materials furnished, even though the contract existed between the parties for them, and they had been rendered and furnished under the contract; but in such case the value of such service would be limited to that specified in the contract, and the plaintiff would have a right to make any competent proof of the amount and value of such service." *Bush* v. *Brooks,* 70 Mich. 446.

"Where there is a special contract, not under seal, which has been fully performed by the plaintiff and nothing remains to be done but the payment of money by the defendant, the liability of the defendant may be enforced under this count (for work and labor and materials furnished), and in such cases it is not necessary to set out or declare upon a special contract." 2 Enc. Plead. & Prac. p. 1009.

It was not necessary for plaintiff to declare upon the written contract, or to set out a copy of it in its declaration, or attach a copy of it to its bill of particulars. The theory on which recovery is had on the count in assumpsit for materials furnished is that defendants have had the materials which they have converted to their own use and not paid for. The contract was the inducing cause of plaintiff's furnishing to defendants the materials in question. All plaintiff seeks is compensation therefor. The suit not being upon a written contract, Act No. 158, Pub. Acts 1917 (see 3 Comp. Laws 1929, § 13062 *et seq.*), is not involved. Defendants have plaintiff's property which they have not paid for. Plaintiff was entitled to a judgment for the value thereof. The trial court rendered such a judgment. It is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with POTTER, J.

WIEST, J. (*concurring*). I concur. The invoked statute is inapplicable. *Kies* v. *Walworth,* 250 Mich. 34; *Seymour* v. *Powers,* 255 Mich. 624.