HURD LUMBER & WOODWORK CO. *v.* FRIEDMAN.

1. HUSBAND AND WIFE—COMPLIANCE WITH STATUTE AS TO WIFE'S SIGNATURE—WIFE'S SEPARATE ESTATE.

    Provision in contract for purchase of lumber for erection of building on land owned by husband and wife by entireties that wife's signature thereto "is to answer all the requirements of the statute as to the signature of the wife on any homestead or other interest," did not comply with requirement of Act No. 158, Pub. Acts 1917, then in force, and, since contract did not relate to wife's separate estate, it is unenforceable against her.

2. SAME—FRAUDULENT REPRESENTATIONS.

    In action against husband and wife for contract price of lumber furnished for erection of building on land owned by them by entireties, where provisions of Act No. 158, Pub. Acts 1917, as to wife's signature was not complied with, finding of trial court that wife was guilty of fraudulent representation warranting judgment against her, *held,* not justified on record.

Appeal from Wayne; Miles (Fred T.), J., presiding. Submitted January 19, 1932. (Docket No. 181, Calendar No. 36,071.)   Decided April 4, 1932 (258 Mich. 64). Submitted on rehearing May 25, 1932. Former opinion reversed January 3, 1933.

Assumpsit by Hurd Lumber & Woodwork Company, a Michigan corporation, against Nathan and Sarah Friedman on the common counts for building materials.   Judgment   for   plaintiff.   Defendant Sarah Friedman appeals. Reversed.

*Frank Day Smith,* for plaintiff.

*Harry H. Platt,* for defendant Sarah Friedman.

### On Rehearing.

Sharpe, J. The defendant Sarah Friedman is the wife of the defendant Nathan Friedman. They owned as tenants by the entireties certain real estate in Detroit, and entered into a written contract on July 20, 1927, with the plaintiff to furnish lumber for the erection of a store building thereon. Plaintiff claims to have fully performed, and this action is brought to recover the purchase price of the lumber as fixed in the contract. (See 258 Mich. 64.)

The contract contained a provision reading as follows:

"In case either of the parties of the first part is a married man and his wife signs this agreement, the same is to answer all the requirements of the statute as to the signature of the wife on any homestead or other interest."

This provision did not comply with the requirement of Act No. 158, Pub. Acts 1917 (see 3 Comp. Laws 1929, § 13062 *et seq.*), then in force. Under

our holding in *Ehinger* v. *Fiske, ante,* 240, as the contract did not relate to Mrs. Friedman's separate estate, it may not be enforced against her.

Counsel for the appellee relies on the following statement of the trial court in the opinion filed by him:

"It is my opinion that sufficient appears in the record to establish conduct fraudulent in law on the part of the defendant Sarah Friedman. Accordingly, a judgment will be rendered in favor of the plaintiff against both defendants for the amount of plaintiff's claim, with interest."

Upon reconsideration, a careful reading of the record satisfies us that no such representation was made by her as justified this finding.

The judgment against her will be reversed and set aside, with costs, and the cause remanded, with directions to enter a judgment in her favor of no cause for action.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.