KEELER v. RICHARDS STORAGE CORP.

1. MORTGAGES—LIABILITY OF MORTGAGOR'S GRANTEE FOR DEFICIENCY DECREE—PAROL AGREEMENT.

If grantee, as part of consideration for purchase of premises, agrees to assume and pay outstanding mortgage, deficiency decree on foreclosure may run against him, although his agreement was in parol.

2. SAME—SUFFICIENCY OF EVIDENCE.

On foreclosure of mortgage, evidence *held*, sufficient to justify conclusion of trial court that grantee, as part of consideration in purchase of premises, assumed and agreed to pay mortgage thereon, rendering defendant corporation, which merged with said grantee and stands in its place, liable for deficiency decree.

Appéal from Kalamazoo; Weimer (George V.), J. Submitted June 25, 1932. (Docket No. 173, Calendar No. 36,463.) Decided September 16, 1932.

Bill by Isaac S. Keeler, trustee, against Richards Storage Corporation, a Michigan corporation, as assignee, to foreclose a mortgage and obtain a deficiency decree. Decree for plaintiff. Defendant appeals. Affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Roger I. Wykes* and *Lloyd E. Cooper,* for defendant.

FEAD, J.   April 6, 1925, Hanselman Candy Company (dissolved 1929) and A. R. Walker Candy Corporation (bankrupt 1928 and dissolved 1929) mort-

gaged certain premises to the Michigan Trust Company, trustee, which assigned the mortgage to plaintiff July 17, 1929.

May 25, 1925, Hanselman Candy Company conveyed the premises to Walker Storage Company for recited consideration of $1 and other valuable consideration, with warranty against incumbrances, "excepting a certain mortgage in the sum of $40,000 made and executed to the Michigan Trust Company," and covenant to defend "against all lawful claims whatsoever, except said mortgage."

From hearsay testimony admitted without objection, it appears that the Walker Candy Corporation had purchased the Hanselman Candy Company, which accounts for both executing the mortgage and only the latter executing the deed.

December 22, 1925, Walker Storage Company was consolidated with defendant Richards Storage Corporation. The latter carried the mortgage on its books as an obligation, paid annual interest, and $6,000 of the principal in annual instalments of $2,000. On November 1, 1928, it executed to the Michigan Trust Company, trustee, a second mortgage, in which it agreed to pay the first mortgage.

Instalments of principal, interest, and taxes being in default, plaintiff commenced this suit for foreclosure of the mortgage, praying personal deficiency decree against defendant, on the claim that the Walker Storage Company, on purchasing the premises, orally agreed to assume and pay the mortgage. It is conceded that defendant stands in the place of and is liable for deficiency if the Walker Storage Company would be liable.

If a grantee, as part of the consideration for the purchase of premises, agrees to assume and pay an outstanding mortgage, deficiency decree on foreclo-

sure may run against him, although his agreement was in parol. *Swarthout* v. *Shields,* 185 Mich. 427; *Mowry* v. *Mowry,* 137 Mich. 277; *Duncan* v. *Kirker,* 252 Mich. 353.

G. A. Richards, president of defendant, was the only witness called to testify to the purchase of the premises. He was called by plaintiff and was not examined by defendant. He did not go into details, but stated that negotiations for the sale were conducted on behalf of both seller and purchaser by Mr. Walker; that Richards actively participated in them; that both were stockholders of the Walker Storage Company; that Richards was not interested in the candy company; and that, ''We agreed to pay $40,000 in cash, some stock, * * * and assume the mortgage. We took it subject to that mortgage.'' While Mr. Richards' testimony was not as complete and definite as it could have been, it must be viewed as a declaration against interest, he did not claim that he misspoke or misunderstood the meaning of the words he used, did not attempt to retract them, nor deny that the Walker Storage Company had assumed and agreed to pay the mortgage. Defendant's subsequent conduct, in the manner it carried the transaction on its books, in making subsequent payments on the mortgage, and by the covenants in the second mortgage, support the conclusion which ordinarily would be gathered from Mr. Richards' testimony, that, as part of the consideration, the Walker Storage Company had assumed the mortgage. We think the court was justified in so holding.

Decree for foreclosure and personal deficiency against defendant affirmed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.