## EHINGER v. FISKE.

1. Husband and Wife—Estates by Entireties—Mortgages—Foreclosure—Deficiency Decree Against Wife—Statutes.

In foreclosure of mortgage executed by husband and wife on land owned by them by entireties, mortgagee is not entitled to deficiency decree against wife, in absence of compliance with Act No. 158, Pub. Acts 1917, then in force; said obligation not relating to wife's separate property.

2. Equity—Subrogation—Affirmative Relief Against Codefendants—Pleading—Deficiency Decree.

Where mortgagor and his successors in title who assumed mortgage were made defendants in foreclosure proceedings, and deficiency decree was entered against all defendants, mortgagor was not entitled to have decree provide that in case he paid any portion of said deficiency he might be subrogated to rights of mortgagee against other defendants, in absence of filing of cross-bill by him seeking affirmative relief against his codefendants, and especially where one of said codefendants was defaulted and was not represented at time decree was settled (Court Rule No. 22, § 1 [1931]).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 27, 1932. (Docket No. 21, Calendar No. 36,596.) Decided January 3, 1933.

Bill by Josephine Ehinger, trustee, against Samuel L. Fiske and others to foreclose a real estate mortgage. Decree for plaintiff against defendants Samuel L. Fiske, Charles L. Spaulding, and Seymour H. Person. Plaintiff and defendants Fiske appeal. Affirmed.

*Joseph H. Dunnebacke,* for plaintiff.

*William C. Searl,* for defendants Fiske.

*Russell A. Searl,* for defendants Person.

SHARPE, J. On June 1, 1924, the defendants Samuel L. Fiske and Ethyl Fischer Fiske, owners by the entireties of a certain lot in the city of East Lansing, executed a mortgage thereon to Louis Ehinger to secure the payment of $8,500, evidenced by a promissory note, signed by both of them, payable five years after date. On May 10, 1926, Mr. and Mrs. Fiske conveyed the lot to the defendants Charles L. Spaulding and Mae A. Spaulding, husband and wife, subject to the above mortgage, which the grantees assumed and agreed to pay. On May 15, 1928, Mr. and Mrs. Spaulding conveyed the lot to the defendants Seymour H. Person and Mabel V. Person, husband and wife, subject to the mortgage, which these grantees assumed and agreed to pay.

There being default in payment, the plaintiff, Josephine Ehinger, trustee of the residuary estate of Louis Ehinger, then deceased, on March 12, 1931, filed the bill of complaint herein to foreclose said mortgage, making all of the parties above named defendants. The defendants Fiske and Person filed

answers to the bill. Defendants Spaulding entered an appearance but were defaulted.

It appeared from the proofs submitted at the hearing that there was then due the principal sum of $8,500, for interest $2,056.05, for delinquent taxes $581.07, and for a fire insurance premium, paid by the mortgagee, $50. On settlement of the, decree, plaintiff claimed that she was entitled to a deficiency decree against Mrs. Fiske, Mrs. Spaulding, and Mrs. Person as well as against their husbands. A decree was entered providing for liability for deficiency against Fiske, Spaulding, and Person generally, without specifying the order of their liability. From it the plaintiff has taken an appeal.

Under 3 Comp. Laws 1929, § 13057, the real and personal property of any female acquired before and after marriage belongs to her and is not liable for any debts or obligations of her husband, but may be contracted, sold, or mortgaged by her with like effect as if she were unmarried, and under section 13059 she is made liable upon any contract or engagement made by her relative to her separate estate. Her right to otherwise obligate herself was extended by Act No. 158, Pub. Acts 1917, as amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13062 *et seq.*), which counsel concede may not be here applied.

Early in its history this court committed itself to the doctrine that a wife "has no power to contract except in regard to her separate property." *Speier* v. *Opfer*, 73 Mich. 35 (2 L. R. A. 345, 16 Am. St. Rep. 556), and cases cited. In *Kies* v. *Walworth*, 250 Mich. 34, 36, it was said:

"Apart from this statute (Act No. 158 [Pub. Acts 1917]), a married woman can become a joint debtor with her husband, if proper consideration

runs to her with reference to her separate property (*Post* v. *Shafer*, 63 Mich. 85), and a joint judgment against husband and wife may be enforced by levy on real estate held by them as tenants by the entireties. *Sanford* v. *Bertrau*, 204 Mich. 244.''

The question presented, as we view it, is whether the interest of a wife in property owned by her and her husband in an estate by the entireties is as to her ''separate property.''

In *Speier* v. *Opfer, supra,* the action was brought to recover for labor and material furnished the defendants, husband and wife, for improving property held by them by the entireties. The court said:

''There is no conflict of authority upon this question, that the contract of a married woman, to be enforced, must have relation to her separate estate. In the present case, the property being held by husband and wife jointly, by entireties, it cannot be treated as her separate property, so that she becomes liable under the contract, even if one was made as claimed by the plaintiffs. The action cannot be maintained against the defendants jointly.''

In *Doane* v. *Feather's Estate*, 119 Mich. 691, Mr. and Mrs. Feather mortgaged real estate owned by them by the entireties, and recovery was sought on one of the notes executed by them. The authorities are there collected and discussed at some length. The conclusion reached was that—

''The wife did not obtain such an interest in the land conveyed as to make it a valid consideration for the note.''

The holding in this case was cited with approval in *Morrill* v. *Morrill*, 138 Mich. 112 (110 Am. St. Rep. 306, 4 Ann. Cas. 1100); *Cady* v. *Taggart*, 223 Mich. 191; *Jarzembinski* v. *Plodowski*, 225 Mich.

104; *Ladd* v. *Bolema,* 246 Mich. 32; *Farmer* v. *Best,* 246 Mich. 434.

The latest expression of this court on the subject was in *Duncan* v. *Kirker,* 252 Mich. 353, wherein it was held (syllabus):

"Undertaking by husband and wife to pay incumbrances against land purchased by them does not relate to wife's separate estate, and therefore in absence of compliance with provisions of Act No. 158, Pub. Acts 1917, § 2, she is not liable."

While there may be said to be a seeming injustice in so holding, in view of the fact that so many titles to real estate are now held by husband and wife by the entireties, contracts of this kind may now be enforced under the provisions of said Act No. 158, as amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13062 *et seq.*).

On the settlement of the decree the defendant Fiske contended that—

"Said decree should provide that in case the said Samuel L. Fiske should be required to pay any portion of said deficiency that the said Samuel L. Fiske may thereafter be subrogated to the rights of the plaintiff against the other defendants and be reimbursed by them; and that he may apply at any time to this court for its aid in so doing."

The trial court declined to insert such a provision therein. By cross-appeal he seeks modification of the decree in this respect.

Michigan Court Rule No. 22, § 1 (1931), reads as follows:

"In any action in equity where a defendant desires to obtain affirmative relief against a plaintiff or codefendant, he may file a cross-bill."

While it is "the province of equity to afford full relief and protect all rights" (*Barnard* v. *Huff*, 252 Mich. 258, 264 [77 A. L. R. 259]), as Spaulding had been defaulted and was not represented at the time the decree was settled, and as no relief against him was sought by Fiske by cross-bill, we are unwilling to fix his personal liability upon this appeal.

The decree is affirmed. No costs will be allowed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.