## WILMARTH *v.* BUYS.

1. HUSBAND AND WIFE—COMMON-LAW LIABILITY OF WIFE.

   At common law husband is alone liable on contract made by husband and wife with third person.

2. SAME—ESTATES BY ENTIRETIES—WIFE'S SEPARATE ESTATE.

   Purchase of land by husband and wife, and taking title as tenants by entireties subject to mortgage which they assumed and agreed to pay, did not relate to wife's separate estate.

3. SAME—MORTGAGES—FORECLOSURE—WIFE'S LIABILITY FOR DEFICIENCY—STATUTES.

   On foreclosure of mortgage which husband and wife had assumed and agreed to pay, on taking title to land as tenants by entireties, wife was not liable for deficiency, where no instrument was executed by them relating that no undue influence or coercion had been exerted against wife in execution thereof, as required by Act No. 158, Pub. Acts 1917, in force when mortgage was assumed.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 7, 1933. (Docket No. 54, Calendar No. 37,127.) Decided May 16, 1933.

Bill by Lewis T. Wilmarth against James Buys and others to foreclose a real estate mortgage. From deficiency decree against defendant Henry Van Aalderen but not against his wife, plaintiff appeals. Affirmed.

*Elvin Swarthout* and *Anthony M. Swarthout,* for plaintiff.

*T. Gerald McShane,* for defendants Van Aalderen.

Wiest, J.  July 1, 1929, defendants Henry Van Aalderen and Catherine Van Aalderen, husband and wife, purchased certain premises under warranty deed from defendants James Buys, Gertrude Buys, John Buys, Jessie Buys, Gerhardus J. Stuart, and Sabrina Stuart, subject to a mortgage thereon, executed by the grantors to plaintiff, which mortgage, under the terms of the deed, the grantees assumed and agreed to pay.  This deed vested title in Mr. and Mrs. Van Aalderen by entirety.  Upon foreclosure of the mortgage in equity, plaintiff asked for a decree for deficiency against both Van Aalderens, and appeals from a decree granting such relief against the husband alone.

Is the wife liable?

"At common law the husband is alone liable on a contract made by husband and wife with a third person.  Their joint promise is the promise of, and binding· on, the husband alone."  30 C. J. p. 584.

See *Speier* v. *Opfer,* 73 Mich. 35 (2 L. R. A. 345, 16 Am. St. Rep. 556).

The purchase by the Van Aalderens did not relate to Mrs. Van Aalderen's separate estate.  *Duncan* v. *Kirker,* 252 Mich. 353.

The change in the common law, under Act No. 158, Pub. Acts 1917, is not applicable to this case.  That change applies only to a written instrument, signed by husband and wife, and, until amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13063), required the instrument to "contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof."  There was no instrument signed by the Van Aalderens.  The circuit judge was clearly right in holding Mr. Van Aalderen liable and Mrs. Van

Aalderen not liable for deficiency. *Duncan* v. *Kirker, supra; Ehinger* v. *Fiske,* 261 Mich. 240, and cases there cited.

Counsel for plaintiff cite cases holding that a judgment against husband and wife jointly may be satisfied out of an estate held by them as tenants by entirety.

It is sufficient to say that such a question is not here involved for there is no decree against husband and wife, and, as we have pointed out, there can be no decree against the wife.

As we have pointed out, the restraint here applied is the common law.

Counsel for plaintiff cite *Federal Bond & Mortgage Co.* v. *Goldman,* 235 Mich. 571; *Kies* v. *Walworth,* 250 Mich. 34; *Seymour* v. *Powers,* 255 Mich. 624. In the latter case we held that:

"At common law a wife could mortgage her separate property or join with her husband in a mortgage upon property held by entirety, to pay the debts of the husband, become surety for his obligations, or to secure the debt of another."

The case at bar is not such a case.

The decree is affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.