## BENJAMIN *v.* BONDY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES—LIABILITY
FOR FUNERAL EXPENSES OF MINOR.

> In undertaker's action against deceased minor boy's father and
> maternal grandparents for funeral expenses, where action was
> dismissed against father and no appeal taken therefrom,
> whether or not the father is primarily liable for such expense
> is not determined since he is no longer a party to the action
> and declaration charges remaining defendants engaged plain-
> tiff to perform the service.

2. FRAUDS, STATUTE OF—GRANDPARENTS' CONTRACT FOR MINOR'S
FUNERAL EXPENSES.

> The maternal grandparents' oral agreement to pay funeral ex-
> penses of deceased minor boy was not void because statute of
> frauds required such an agreement to pay the debt of another
> to be in writing, where declaration was planted on the theory
> that the grandparents engaged plaintiff to take care of the
> funeral and trial court found as a fact that both grandparents
> had entered into an express contract and primarily obligated
> themselves to plaintiff as the statute of frauds has no appli-
> cation in such case (3 Comp. Laws 1929, § 13417).

3. APPEAL AND ERROR—NONJURY CASES—EVIDENCE.

> In cases tried by the court without a jury the Supreme Court
> does not reverse unless the evidence clearly preponderates in
> the opposite direction.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am. Jur., Appeal and Error, § 822.
[2, 5] 49 Am. Jur., Statute of Frauds, § 103.
[2, 5, 8] Statute of frauds as applicable to a contract to be re-
sponsible for another's funeral expenses, 134 A.L.R. 633.
[3, 4] 3 Am. Jur., Appeal and Error, § 817.
[5, 8] Funeral expenses: When deemed ordered on personal credit
rather than on credit of estate, 30 A.L.R. 444.
[6, 7] 26 Am. Jur., Husband and Wife, §§ 332, 333.
[10, 11] 39 Am. Jur., Parent and Child, § 35.
[11] 17 Am. Jur., Divorce and Separation, § 692.
[12] 14 Am. Jur., Costs, § 92.

4. SAME—NONJURY CASE—FINDINGS OF FACT—SUPREME COURT.

In review of a nonjury case the Supreme Court is not bound by the findings of fact of the trial court, hence, the question of the liability of defendants is to be determined from the evidence produced upon the trial.

5. DEAD BODIES—CONTRACT FOR FUNERAL EXPENSES—GRANDPARENTS.

Finding of trial judge that deceased minor boy's maternal grandparents agreed to pay plaintiff undertaker for the burial of their grandson *held*, sustained by competent evidence.

6. HUSBAND AND WIFE—CONTRACTS—COMMON LAW.

At common law the husband is alone liable on a contract made by the husband and wife with a third person as their joint promise is the promise of, and binding on, the husband alone.

7. SAME—MARRIED WOMEN'S ACT—JOINT LIABILITY ON WRITTEN INSTRUMENTS.

The so-called married women's act abrogated the common-law disabilities of married women to contract to the extent of enabling them to become jointly liable with their husbands on written instruments thereby subjecting to execution property held by the entireties (3 Comp. Laws 1929, § 13063).

8. SAME—FINDING AS TO MARRIED WOMAN'S SEPARATE LIABILITY—EVIDENCE.

In undertaker's action against maternal grandparents of deceased minor boy, record *held*, not to sustain trial court's finding of fact that the grandmother, individually and as to her separate property, promised to pay, hence only the grandfather was liable.

9. DEAD BODIES—LIABILITY FOR BURIAL EXPENSE—GRANDMOTHER'S CUSTODY UNDER DECREE DIVORCING PARENTS.

Maternal grandmother to whom court had awarded custody of minor grandson upon death of his mother after divorce from boy's father was not thereby imposed with obligation of incurring burial expenses for the child.

10. PARENT AND CHILD—COMMON LAW.

At common law the father of a child has the obligation resting upon him to support and maintain his child.

11. SAME—COMMON LAW—DIVORCE.

The divorce statute relative to custody and maintenance of children is in recognition of the common-law obligation of a father to support his children.

12. COSTS—BRIEF.
> Where judgment against one defendant on appeal is affirmed and judgment against another defendant is reversed without a new trial, but plaintiff failed to file a brief, no costs are assessed against defendant against whom the judgment is affirmed.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 9, 1948. (Docket No. 26, Calendar No. 44,096.) Decided September 8, 1948.

Assumpsit by Elwin Benjamin against Mark Bondy and Montague Hawes and wife. From judgment for plaintiff against defendants Hawes, they appeal. Affirmed as to Montague Hawes, reversed as to defendant Alberta Hawes.

*Clarence J. Brainerd,* for defendants Hawes.

SHARPE, J. Plaintiff, Elwin Benjamin, an undertaker brought an action to recover burial expenses of Elwyn Bondy, a minor, against Mark Bondy, the boy's father, and Montague and Alberta Hawes, the boy's maternal grandparents.

It appears that Mark Bondy and his wife, the daughter of Mr. and Mrs. Hawes, were divorced and the custody of their son, Elwyn Bondy, was awarded to Mrs. Bondy. Upon the death of Mrs. Bondy, an amended decree was entered providing:

"Said Alberta Hawes, the petitioner, shall have the care, custody, control and education of said Albert (Elwyn) Bondy, minor child, until said child attains the age of 18 years, or until the further order of the court.

"It is further ORDERED, ADJUDGED and DECREED that the said Mark L. Bondy, defendant, shall pay to the friend of the court, the sum of $8 per week, commencing forthwith, and continuing until the child attains the age of 18 years, or until the further

order of the court; said $8 per week to be turned over by the friend of the court to Alberta Hawes, to be used for the care, support and maintenance of the said minor child, Albert Bondy."

Elwyn Bondy died in a Flint hospital on November 11, 1944. Prior to his death he had been living with his maternal grandparents. When the boy died, Mark Bondy went to the hospital and requested that the body be released to plaintiff, but because the boy had been entered in the hospital by his custodian, Alberta Hawes, the hospital authorities did not permit the removal of the body until Alberta Hawes could be contacted and the release authorized. Later the same day, Mark Bondy told the undertaker (plaintiff) that he wanted the body buried in the Catholic cemetery; and that he (Mark Bondy) would assume all expenses if the body was buried there. Still later on the same day, Mr. and Mrs. Hawes talked with plaintiff and informed him that "we want nothing to do with Mark Bondy whatsoever, absolutely nothing to do with Mark Bondy."

Plaintiff took care of the funeral, the expense of which was $597.01. Upon failure to pay this bill, plaintiff began suit against Mark Bondy and Mr. and Mrs. Hawes. Plaintiff's declaration states, in part:

"8. That upon the demise of the aforementioned Elwyn Albert Bondy, defendants, Montague Hawes and Alberta Hawes engaged plaintiff herein to perform the funeral services, furnish casket and other incidentals consonant with a proper burial and agreed to pay to plaintiff herein for said service, casket and other incidentals the sum of $597.01.

"9. That plaintiff herein did furnish funeral services, casket and other incidentals consistent with a proper burial of the aforementioned Elwyn Albert Bondy.

"10. It thereupon became and was the duty of

Montague Hawes and Alberta Hawes to pay to plaintiff herein, because of the agreement to do so, the sum of $597.01.

"11. It likewise was the duty of Mark Bondy to pay to plaintiff herein the sum of $597.01 because of parental obligation."

The cause came on for trial and was tried without a jury. At the conclusion of plaintiff's case, Mr. Bondy's attorney made a motion to dismiss Bondy as a defendant. This motion was granted and no appeal has been taken from this order of dismissal. A similar motion was made in behalf of Mr. and Mrs. Hawes on the theory that the father of the boy was primarily liable for his funeral expense and that there was no promise in writing from Mr. and Mrs. Hawes to pay the debt of Bondy. This motion was denied. After testimony was offered in behalf of defendants Hawes the trial court entered a judgment for plaintiff in the amount of $597.01 against Montague and Alberta Hawes, jointly and severally and as to joint and several property.

Defendants Montague and Alberta Hawes appeal and urge that Mark Bondy, the father, is liable for the funeral expense. We have no occasion to discuss this issue as Mark Bondy is not now a party to this action and for the further reason that it is charged in the declaration that Mr. and Mrs. Hawes engaged plaintiff to perform the funeral service.

Defendants also urge that the alleged contract as claimed by plaintiff is an agreement to pay the debt of another and void under 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922). It should be noted that the trial court found as a fact that both Mr. and Mrs. Hawes entered into an express contract and primarily obligated themselves to plaintiff. Moreover plaintiff's declaration is planted upon this theory and one of the issues in the cause was whether or not

Mr. and Mrs. Hawes engaged plaintiff to take care of the funeral.

In *Hillman* v. *Hulett,* 149 Mich. 289, plaintiff, an undertaker, in Nevada, brought an action in Michigan to recover for a casket and shipping box which contained the remains of one Harris, the father of Allie Hulett and father-in-law of defendant Bert Hulett. Defendant Bert Hulett contended that his promise to pay plaintiff was a promise to pay the debt of his wife (Allie Hulett), and not being in writing was void. We there held that defendant Bert Hulett made himself primarily liable, therefore, his promise was not to pay for the debt of another and that the statute of frauds had no application.

See, also, *Stone* v. *Tyack,* 164 Mich. 550.

In the case at bar the trial court found as a fact: "The court is of the opinion that the defendant Montague Hawes contracted with the plaintiff for the expense involved, together with his wife, Alberta." Upon a motion for a new trial, the court again said: "Nevertheless the defendants in this action, Montague Hawes and Alberta Hawes went to the plaintiff and made these arrangements for the burial of this boy."

In cases tried by the court without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction. In review of a non-jury case we are not bound by the findings of fact of the trial court, hence, the question of the liability of defendants is to be determined from the evidence produced upon the trial of the cause. We conclude there was competent evidence to sustain the finding of the trial court that Montague and Alberta Hawes agreed to pay plaintiff for the burial of their grandson.

Defendants also urge that the attempt to include Mrs. Hawes, either jointly with her husband, or as

against her sole property, runs contrary to the prohibitory provisions of coverture and the wife's immunity from such action. In entering a judgment against Montague and Alberta Hawes the trial court held them jointly and severally liable. The trial court premised the judgment against Alberta Hawes not only upon a finding that she expressly contracted for plaintiff's services, but also upon a legal duty to provide such services because of the custody decree.

In *Wilmarth* v. *Buys,* 263 Mich. 285, defendants Van Aalderen and wife purchased certain premises under warranty deed from defendants Buys and others, subject to a mortgage executed by the grantors to plaintiff which the Van Aalderens assumed to pay. Upon foreclosure of the mortgage in equity, plaintiff asked for a deficiency decree against Van Aalderen and wife. Relief was granted against the husband alone. In affirming the decree, we said:

" 'At common law the husband is alone liable on a contract made by husband and wife with a third person. Their joint promise is the promise of, and binding on, the husband alone.' 30 C. J. p. 584.

"See *Speier* v. *Opfer,* 73 Mich. 35 (2 L.R.A. 345, 16 Am. St. Rep. 556).

"The purchase by the Van Aalderens did not relate to Mrs. Van Aalderen's separate estate. * * *

"The change in the common law, under Act No. 158, Pub. Acts 1917, is not applicable to this case. That change applies only to a written instrument, signed by husband and wife, and, until amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13063),* required the instrument to 'contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof.' There was no instrument signed by the Van Aalderens. The circuit judge was clearly right in

* Stat. Ann. § 26.182.—REPORTER.

holding Mr. Van Aalderen liable and Mrs. Van Aalderen not liable for deficiency. * * *

"As we have pointed out, the restraint here applied is the common law.

"Counsel for plaintiff cite *Federal Bond & Mortgage Co.* v. *Goldman,* 235 Mich. 571; *Kies* v. *Walworth,* 250 Mich. 34; *Seymour* v. *Powers,* 255 Mich. 624. In the latter case we held that:

" 'At common law a wife could mortgage her separate property or join with her husband in a mortgage upon property held by entirety, to pay the debts of the husband, become surety for his obligations, or to secure the debt of another.'

"The case at bar is not such a case."

Act No. 158, Pub. Acts 1917, abrogated the common-law disabilities of married women to contract to the extent of enabling them to become jointly liable with their husbands on written instruments and thereby subjecting to execution property held by the entireties. See *Montz* v. *Reutter,* 268 Mich. 357. However, the case at bar does not involve a written instrument. It does involve an oral promise to pay for the funeral service and under the authority of the *Wilmarth Case, supra,* only the husband is liable on the contract made by himself and wife. The record does not sustain a finding of fact that Mrs. Hawes individually and as to her separate property promised to pay. We are not in accord with the holding of the trial court that Mrs. Hawes, having the care, custody and maintenance of the child, had the obligation to pay for his burial expense.

At common law the father of a child has the obligation resting upon him to support and maintain his child. In *West* v. *West,* 241 Mich. 679, we held that the divorce statute relative to custody and maintenance of children is in recognition of the common-law obligation of a father to support his children.

In our opinion the court's order granting custody of a child to the grandmother did not impose upon her the obligation of incurring expenses for the child's burial.

A judgment may be entered against Montague Hawes in the amount of $597.01. The judgment against Alberta Hawes is reversed without a new trial. The failure of plaintiff to file a brief precludes the assessment of costs as to Montague Hawes.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.