**BUCK, Gdn v COBLENTZ**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1266.   Decided July 9, 1934

John W. Kreitzer Dayton, and William Buck, for plaintiff in error.

Mattern & Sheridan, Dayton, and Hugh Gilmore, Eaton, for defendant in error.

SHERICK, J, (5th Dist), sitting by designation.

**OPINION**

By BARNES, J.

We will now take up the several specifications of error and discuss them, but not seriatum. Specification No. 1 will be discussed first, then followed by 3 and 7 combined; followed by 4, then 6, after which 2, 5, 8 and 9 will be grouped.

**FIRST GROUND OF ERROR:**

"1. At the conclusion and submission of all of the plaintiff's testimony adduced, and upon his resting his case, the defendant below moved the court to dismiss plaintiff's case on trial, because he, plaintiff, failed to prove the execution or the delivery of the promissory note sued upon; failed to prove the signature of the purported maker thereof; and failed to prove the consideration thereof, all of which were made an issue by the pleadings. The court erred in overruling the motion."

Plaintiff's evidence in chief was very brief. The defendant, William Buck, in his representative capacity, was called for cross-examination.

Through this witness plaintiff presented testimony that the claim, of which the note sued upon was the basis, had been presented to the defendant in his capacity as guardian and the same rejected; thereafter similar presentation to the defendant in his capacity as administrator, and rejection.

Thereupon the plaintiff placed in the hands of the defendant, Buck, the note sued upon and asked him to compare the same and ascertain if the copies of the note, as contained in the proof of claim, were identical with the original note then presented. He answered that it was. The two claims were marked Exhibits A and B, and the note Exhibit C.

Plaintiff then asked that Exhibits A, B and C be admitted in evidence. The same were admitted without objection and plaintiff rested.

At this point defendant interposed a motion to dismiss for failure of proof. The court overruled the motion, to which defendant took exceptions.

The defendant then presented evidence in support of his defense. In the main this evidence was directed to the question as to whether or not the signature attached to the note was in fact the signature of George M. Hoffman. This was followed by evidence on the part of the plaintiff in rebuttal.

The defendant failed at the close of all the testimony to renew his motion to direct a verdict.

Had the defense, after the close of plaintiff's tesitmony and overruling of motion to direct a verdict, rested his case, then we would have a more serious question for determination under this first ground of error.

The Supreme Court of Ohio has very clearly and positively announced the rule that where defendant, after the overruling of motion for directed verdict, interposes evidence and rests his case without renewing his motion at the close of all the evidence, he waives all question of error in the overruling of the motion for a directed verdict. **Cincinnati Traction Company v Durack, Admr., 78 Oh St, 243.**

Counsel for defendant in his oral argument insisted that the note was introduced in evidence for the limited purpose of comparison with copy of notes as contained in Exhibits A and B.

It is a rule of law that when any evidence is admitted it is presented for all purposes, unless specially limited by request of counsel presenting or by order of court.

Had counsel for defendant objected to the introducing of the note in evidence, the trial court under the then state of the pleadings and record might have sustained the objection. There being no objection to this admission, the note is in the record for all purposes.

After a duly executed note is in evidence a prima facie case is made out in favor

of the plaintiff. This is the holding in **Dode v Werner, 4 C.C. (N.S.), 158;** affirmed **74 Oh St, 441.**

The statutory provision under the negotiable instrument act specifically provides certain presumptions.

**Sec 8121, GC,** in part reads as follows:
"When an instrument is no longer in the possession of the party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

Applying this legislation to the instant case, it would mean that if the note in question was signed by the decedent, the fact that it was in the possession of the plaintiff would raise the presumption that there was a valid and intentional delivery.

**Sec 8129, GC,** reads as follows:
"Every negotiable instrument is deemed prima facie to be issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Again applying this statutory provision to the instant case, the note presented as Exhibit C, being regular in form, if in fact executed by the decedent, it would prima facie be deemed to be issued for a valuable consideration.

Of course, where there is an issue on the signature of the note, there is no presumption, either at common law or under the statute, that the party whose name appears thereon as signatory did in fact sign it.

The execution and signing of the note was made a direct issue under the averments of the answer and the burden of proving the signature at all times was upon the plaintiff. When the plaintiff rested there was no evidence presented upon this question, but any error intervening by reason of the court's overruling the motion for a directed verdict at the close of plaintiff's case was waived through defendant's electing to introduce evidence in defense. **Cincinnati Traction Company v Durack, Admr., 78 Oh St, supra.**

Under the state of the record it would not have availed defendant to have renewed the motion at the close of all the testimony, for the reason that evidence was presented both pro and con, as to the genuineness of the signature, and thereafter the question was one for determination of the jury.

Considering the entire record, we find no prejudicial error under specification 1.

We now consider specifications of error numbers 3 and 7.

"3. The court erred in admitting testimony improperly tendered by the plaintiff below.

7. The court erred in admitting evidence on behalf of plaintiff below, which was contrary to law and prejudicial to the defendant below."

We have examined the record very carefully as it bears upon the claimed errors under specifications 3 and 7.

In very few instances do we find defendant saving his exceptions to the ruling of the court where evidence was introduced over objection of defendant. Of course, this is a requisite procedure upon which to predicate error.

In the very few instances where exceptions were taken, we find no prejudicial error in the ruling of the court.

Counsel for defendant makes no specific claims as to any particular testimony in his brief, and we take it thereby that he is not at this time urging these grounds of error.

FOURTH GROUND OF ERROR:
"4 The court erred in charging the special charges to the jury tendered by the plaintiff below."

At request of counsel for plaintiff, the court gave to the jury, before argument, three separate instructions of law.

Counsel for defendant interposed no objections at the time requests were made, nor did he save exceptions after they were given. The record recites that counsel for defendant said that he had no objections.

SIXTH GROUND OF ERROR:
"The court erred in ruling out evidence and excluding evidence tendered by the defendant below."

After a careful search of the record we find that very generally where the court sustained objections to the testimony offered by defendant, counsel for defendant did nothing more than save an exception. The law is well recognized that this is not sufficient from which to predicate error in a reviewing court.

After the objection is sustained an exception taken, if counsel desires to protect his record he must make a profert by offering to show what the witness would

testify to, if permitted to answer the question.

In two instances we find that counsel followed this procedure, but in neither instance was the offer of proof responsive to any question to which the court had sustained objection.

At page 97 of the record, in the testimony of Charles Coblentz, we find the following as an "offer to proof:"

"The witness if permitted to testify would swear that the signature upon the note sued upon is not the genuine signature of George M. Hoffman."

An examination of the record preceding this will disclose there had been no question asked and ruled upon to which an answer of this character would have been responsive.

Immediately previous and through a number of questions, counsel for defendant had been endeavoring to qualify Coblentz as an expert. After this inquiry had been completed, counsel for plaintiff made the observation that the answer had failed to qualify the witness as such expert.

The court so held. No further questions were asked by counsel for defendant, but immediately following was the profert above quoted.

This witness Coblentz, as all other witnesses, could properly have been asked the question as to whether or not they were familiar with the handwriting of the decedent, and if they had answered in the affirmative, then could be asked the further question whether or not the purported signature on the note was or was not the signature of George M. Hoffman.

Another method of proving signature was through the testimony of experts. Such expert may be a person who has never previously known or seen the handwriting of the individual in question. These witnesses, through special study on the subject of handwriting or by reason of long experience, are qualified to give an expert opinion as to the signature in question. When it was sought to have the witness Coblentz testify to signatures by comparison, this would constitute expert testimony. The trial court was correct in holding that if it was desired to present the witness as an expert it was necessary that he be qualified. Without such qualification there would be no inference that he knew anything more about testing signatures than would members of the jury. Whenever an expert testifies upon any subject, he is permitted to do so by reason of the fact that there is

disclosed a qualification from which it is fairly inferable that he has a superior knowledge on the subject to that of the lay witness.

In the testimony of John C. Schaffer, as shown at page 132 of the record, we find the identical situation as above. Counsel for defendant dictated into the record the following "Offer to Prove:"

"That if the witness was permitted to testify he would say he did not think it was his signature."

If the record disclosed that counsel had presented the note to the witness and asked him whether or not it was the true signature of the decedent, then the record would be complete. The difficulty is that there was an absence of any question to which the above would be responsive.

We find no prejudicial error in the ruling of the court on the presentation of evidence by defendant.

We now take up as a group specifications 2, 5, 8 and 9.

"2. After the trial and verdict of the jury, and upon motion for a new trial, the court erroneously overruled the same.

5. The court erred in not dismissing the case for want of any evidence failing to support the verdict and which was contrary to law.

8. Errors of law occurring at the trial and excepted to by the party making application.

9. And for other errors apparent upon the face of the record."

Many of the questions which properly may be classified under one or more of these combined grounds of error have been previously discussed in this opinion.

From a close analysis of the briefs of counsel representing the respective parties, we find very little difference in their statements of the law, but a very wide difference in giving it application.

We are forced to the conclusion that counsel for defendant has a wrong conception as to the nature and force of the statutory presumptions following the introduction in evidence of the promissory note sued upon.

We have previously stated and here reiterate for the purpose of our premise, that when the note was introduced in evidence it was in, for all purposes.

It is regular upon its face and when presented and introduced in evidence would make a prima facie case against the de-

fendant, except for the fact that under the pleadings there is an issue as to the genuineness of the signature. This element of the case has previously been discussed and need not be repeated.

Much evidence was presented upon the question of signature, and there is more or less conflict. A great many proven or admitted signatures of the decedent were introduced in evidence and the jury had the advantage of these exhibits for comparison. Through their verdict they necessarily determined that the signature on the note was that of the decedent. Under the state of the record this was purely a jury question and there is abundant evidence to sustain their conclusion.

Counsel for defendant is correct in his statement that the burden is upon the plaintiff to not only prove execution and delivery but also consideration.

The plaintiff, if he saw fit, was privileged to rely upon the statutory presumptions without the introduction of any further testimony.

The record discloses that plaintiff did offer himself as a witness and if permitted to testify would have been subject to cross-examination.

Counsel for defendant objected to the plaintiff testifying for the reason that the maker of the note was deceased and the defense was being made by his personal representative. The statute very plainly states that under such conditions, since the mouth of one party is closed through death, the other may not testify if objection is made. When the plaintiff was presented as a witness, defendant was presented with two alternatives: He could object, as he did, and prevent the testimony; or he could waive the provisions of the statute and permit the plaintiff to be examined and thereafter cross-examined.

This did not leave plaintiff's case without any proof on the question of delivery and consideration. The proof of both delivery and consideration is implied when note is introduced in evidence.

The procedure as followed in this case in the introduction of testimony is not at all unusual. The prevailing rule is that plaintiff introduces the note and rests.

Where the signature is admitted, this at once makes a prima facie case, and while the burden of proof does not at any time shift, the burden of going forward and presenting further testimony will then rest upon the defendant, after which plaintiff may meet such evidence in rebuttal.

The case of Carrara Paint Company v Bank, 9 C.C. (N.S.), 150, cited by counsel

for defendant, is in no sense contradictory of the rule herein stated, but does support our conclusions wherein we say that since the execution of the note was denied, no presumption of the law would arise as to the signature but the burden would be upon the plaintiff to prove the genuineness of the signature.

In searching the record for other errors, as specified under specification 9 of the petition in error, we think all have been discussed.

Counsel for defendant after the introduction of all the testimony and before argument, presented to the court a rather complete charge as a special instruction before argument. This special request was not given, but after a colloquy between court and counsel it was in effect withdrawn. No exceptions were taken to the general charge of the court.

Neither do we find the claim made that the judgment and verdict is against the manifest weight of the evidence. There is the claim that there is an entire absence of evidence upon material issues necessary to the support of the verdict and judgment for the plaintiff.

On the theory that the greater includes the less, we think we can properly consider the judgment on the weight of the evidence.

We find attached to brief of counsel for plaintiff the opinion of the trial court in overruling the motion for new trial. This presents a very full and complete analysis of the questions raised. The conclusions are very admirably and ably stated.

After an exhaustive search of the entire record and a careful analysis of the briefs of counsel, we are compelled to say that we find no prejudicial error in the record. The judgment of the court below will be sustained. Exceptions will be allowed to the defendant. Entry may be drawn accordingly.

HORNBECK, PJ, and SHERICK, J, concur.