### YATES v BATES et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1682.   Decided May 22, 1941

George A. Alcorn, Dayton, for plaintiff-appellant.

Gus W. Byttner, Dayton, for defendant-appellees.

### OPINION

By GEIGER, PJ.

This action was begun in the Municipal Court of the City of Dayton. The plaintiff filed an amended petition alleging that the defendants executed and delivered to David M. Bates their promissory note for $800.00 payable five years after date; that said note was assigned to plaintiff by David M. Bates on the 4th day of August, 1928; that the note is past due and that the same was presented and payment demanded. Statements are made as to payment of interest, the last payment being on the 8th day of June, 1935. A waiver for all sums in excess of $1000.00 is made and judgment asked in the sum of $1000.00.

The defendant, David M. Bates, files an answer admitting the execution and delivery of the note as alleged in the petition. Mamie Bates, the other defendant, files an answer in which she denies "each and every allegation" contained in the petition.

The cause came on for trial and George E. Alcorn was the only witness. He testified, under reiterated objections by the defendant, that he, as attorney for plaintiff, had the note for collection. He produced the note under direction of the Court to "testify what

appears on the face of the note". He testifies as to the form of the note and that the amount due is about $1200, but that plaintiff waived all over $1000.00. He offered the note in evidence and the same was objected to on the ground that the plaintiff had not proven the note; that as attorney he had the note in his possession. The Court reserved the ruling. On cross-examination he testified that he did not see the signing of the note nor the signatures until it was handed to him for collection. Plaintiff rested and the defendant moved to dismiss for failure ·to prove "absolutely anything in the case whatsoever". The Court sustained this motion and the case was appealed to the Common Pleas Court and the judgment of the court affirmed and the cause remanded to the Municipal Court. Appeal was taken to this Court.

The sole question is whether or not there was any evidence upon which plaintiff would be entitled to judgment. The note was introduced in evidence and made an exhibit of the plaintiff. Counsel for plaintiff asserts that the note itself is prima facie evidence upon which plaintiff is entitled to recover.

Sec. 8157 GC designates a holder in due course as being one who in due course has taken the instrument under the conditions that it is complete and regular upon its face; that he became the holder before it was overdue and without notice of the dishonor; that he took it in good faith and for value; that he had no notice of any infirmity or defect.

There are many presumptions as to negotiable instruments which grew up under the law merchant and are now incorporated into the Negotiable Instrument Act. They relate to delivery, title and that every holder is deemed prima facie to be a holder in due course and for value.

The burden of proof is upon the plaintiff and the presumptions relating to negotiable instru- ments do not affect this burden. In making proof there are matters upon which the party need offer no evidence as the law will presume that but this does not change the rule as to the burden of proof, the burden still resting upon the plaintiff to prove all the essential elements of his cause of action, which include the four conditions recited in the statute.

Introducing a note in evidence, without objection, dispenses with the necessity of proving the signature to the note and cures any insufficiency of the petition.

The defendant filed her general denial which put in issue all matters necessary to the proof of the claim.

In the case of **Buck, Guardian v Coblenz, 18 Abs 4,** opinion by Barnes, J., it is held that a promissory note, regular on its face when introduced in evidence. establishes a prima facie case against the person whose name appears on it as maker **"unless under the pleadings there is an issue as to the genuineness of the signature".** If it be shown that the instrument was signed by the person whose name appears as maker, the fact that it was in the possession of the plaintiff raises a presumption that there was a valid or intentional delivery and that there was a valid consideration. In that case after the plaintiff rested his case the defendant proceeded to offer testimony. and did not renew his motion at the conclusion of all the evidence. Barnes, J., stated,

"Had the defense, after the close of plaintiff's testimony and the overruling of the motion to direct a verdict, rested his case then we would have a more serious question for. determination * * *".

The Court states that the plaintiff, if he saw fit, was privileged to rely upon statutory presumption without the introduction of any further testimony and that the proof of both de-livery and consideration is implied when the note is introduced in evidence.

The plaintiff in this case relies upon this decision but it is apparent that it does not meet the objection that, as against a general denial, there was no

evidence as to the essential elements required to be shown to establish the plaintiff as the holder in due course from which condition certain presumptions would arise.

In the case of **Wehrmann v Beech, 7 O. C. C. (NS) 367**, the second syllabus states that the presumption as to the holder of a negotiable instrument that he is the owner of it, that he took it for value before maturity and that he took it in the usual course of trade is supported by statute as well as by law merchant. The Court quotes Daniels on Negotiable Instruments to the effect that the production of the instrument and proof that it is genuine prima facie establishes his case and he may there rest it.

The plaintiff, however, is met by the general denial and the failure to prove by competent evidence those conditions required by the statute. We are of the opinion that there was no error upon the part of the Municipal Court in rendering judgment for the defendant and no error in the judgment of the Common Pleas Court in sustaining the Municipal Court.

Judgment of the Common Pleas Court is affirmed.

BARNES and HORNBECK, JJ., concur.